**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): 2016-16339(MEW)          Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Scout Media, Inc. |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Citadel Media, Inc.; Fox Acquisition, Inc.; Fox Interactive Media, Inc.

3. **Debtor's federal Employer Identification Number (EIN)**

   4  8  -  1  2  9  1  4  3  8

4. **Debtor's address**

   **Principal place of business**

   122 West 26th Street, Fifth Floor
   New York, NY 10036

   **Mailing address, if different from principal place of business**

   **Location of principal assets, if different from principal place of business**

   New York County
   County

5. **Debtor's website (URL)**       www.scout.com

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding  LLP)
   ☐ Other. Specify: _____

Voluntary Petition for Non-Individuals Filing for Bankruptcy

Generated by CaseFilePRO

Debtor    <u>Scout Media, Inc.</u>                                 Case number *(if known)* <u>2016-16339(MEW)</u>
          <sub>Name</sub>

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
    See http://www.naics.com/search/ .

    <u>5</u>  <u>1</u>  <u>1</u>  <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY

        District _____  When _____  Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor _____  Relationship _____

        District _____  When _____
                                                         MM  /  DD  / YYYY

        Case number, if known _____

Voluntary Petition for Non-Individuals Filing for Bankruptcy

| Debtor | Scout Media, Inc. | Case number (if known) 2016-16339(MEW) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

　　　Why does the property need immediate attention? *(Check all that apply.)*

　　　☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

　　　　What is the hazard? _____

　　　☐ It needs to be physically secured or protected from the weather.

　　　☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

　　　☐ Other _____

　　　**Where is the property?**

　　　**Is the property insured?**

　　　☐ No

　　　☐ Yes. Insurance agency _____

　　　　　　　Contact name _____

　　　　　　　Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Voluntary Petition for Non-Individuals Filing for Bankruptcy

Generated by CaseFilePRO

Debtor    Scout Media, Inc.                                          Case number (if known)  2016-16339(MEW)
          Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/08/2016
               MM / DD / YYYY

X _____          Craig Amazeen
Signature of authorized representative of debtor     Printed name

Title  President

**18. Signature of attorney**

X _____          Date    12/08/2016
Signature of attorney for debtor                     MM / DD / YYYY

Matthew P. Ward
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

302-252-4338                               maward@wcsr.com
Contact phone                              Email address

4471                                       DE
Bar number                                 State

Contact phone                              Email address

Bar number                                 State

Voluntary Petition for Non-Individuals Filing for Bankruptcy

Generated by CaseFilePRO

Debtor  Scout Media, Inc.                                          Case number (*if known*)  2016-16339(MEW)
                Name

Schedule 201

10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?

Continuation Page

| Debtor | Relationship | District | Date Filed | Case number |
|---|---|---|---|---|
| Scout Media Holdings, Inc. | Affiliate | Southern District of New York | 12/08/2016 | |
| FTFS Acquisition, LLC | Affiliate | Southern District of New York | 12/08/2016 | |
| Scout.com, LLC | Affiliate | Southern District of New York | 12/08/2016 | |

201 Question 10 Continuation

WRITTEN CONSENT OF THE SOLE MANAGER OF
FTFS ACQUISITION, LLC AND SCOUT.COM, LLC
AND THE SOLE DIRECTOR OF
SCOUT MEDIA, INC.

The undersigned (the "Governing Member"), constituting the sole manager of FTFS Acquisition, LLC, a Delaware limited liability company ("FTFS"), and Scout.com, LLC, a Washington limited liability company ("Scout.com"), and the sole director of Scout Media, Inc., a Washington corporation ("Scout" and, together with FTFS and Scout.com, the "Subsidiaries" and each, individually, a "Subsidiary"), acting by written consent without a meeting, does hereby consent to the adoption of the following resolutions and directs that this consent be filed with the minutes of the proceedings of the managers or directors, as applicable, of each Subsidiary:

### Appointment of Officers

WHEREAS, the Governing Member desires to make such changes to the officers of each Subsidiary as set forth herein;

NOW, THEREFORE, BE IT:

RESOLVED, that each officer of each Subsidiary is hereby removed from such position; and be it

RESOLVED, further, that (i) Craig Amazeen is hereby appointed as the President of each Subsidiary and (ii) Cheryl Aarsvold is hereby appointed as the Treasurer and Secretary of each Subsidiary, each to serve in such position(s) until a successor is duly appointed and qualified or until the earlier of his death, resignation or removal;

### Chapter 11 Cases

WHEREAS, following ongoing discussions and consultation with Sherwood Partners, Inc. ("Sherwood"), financial advisor to each Subsidiary, the Governing Member has determined that it is desirable and in the best interests of each Subsidiary, and their respective creditors, employees, and other interested parties, that a petition be filed by each Subsidiary seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT:

RESOLVED, that each Subsidiary be, and hereby is, authorized and empowered to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and be it

RESOLVED, further, that any officer of each Subsidiary (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them individually hereby is, authorized, in the name and on behalf of each Subsidiary, appointed as the authorized

representatives of each Subsidiary, and in such capacity, acting alone or together, with power of delegation, be, and they hereby are, authorized and empowered to execute and file on behalf of each Subsidiary all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the businesses of each Subsidiary; and be it

RESOLVED, further, that each Authorized Officer, on behalf of each Subsidiary, be, and hereby is, authorized and directed to enter into a Debtor-in-Possession Loan and Security Agreement (the "Credit Agreement") among Scout Media Holdings, Inc., a Delaware corporation (the "Company"), and each Subsidiary, collectively as borrowers, and Multiplier Capital, LP, a Delaware limited partnership, as lender, and to execute and deliver such other documents and take such other actions as necessary or required to carry out this resolution and to obtain debtor-in-possession financing pursuant to the Credit Agreement; and be it

RESOLVED, further, that each Subsidiary be, and hereby are, authorized and empowerd to file a motion with the Bankruptcy Court seeking to establish and approve procedures with respect to the sale of substantially all of the assets of Scout Media, Inc. and Scout.com, LLC, and to execute and deliver such other documents and take such other actions as necessary or required to carry out this resolution and to continue the marketing of the assets of Scout Media, Inc. and Scout.com, LLC for sale; and be it

RESOLVED, further, that each Authorized Officer, on behalf of each Subsidiary, be, and hereby is, authorized and directed to employ the law firm of Womble Carlyle Sandridge & Rice LLP ("WCSR") as general bankruptcy counsel to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of WCSR; and be it

RESOLVED, further, that each Authorized Officer, on behalf of each Subsidiary, be, and hereby is, authorized and directed to engage Sherwood as financial advisor to each Subsidiary; and in connection therewith, each of the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Sherwood; and be it

RESOLVED, further, that each Authorized Officer, on behalf of each Subsidiary, be, and hereby is, authorized and directed to employ any other professionals to assist each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance their rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary; and be it

RESOLVED, further, that each Authorized Officer, on behalf of each Subsidiary, be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all

2

petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper or desirable in connection with the Company's and each Subsidiary's chapter 11 cases, with a view to the successful prosecution of such case; and be it

RESOLVED, further, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Subsidiary, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it

RESOLVED, further, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Subsidiary which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Subsidiary with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution by the sole director or manager, as applicable, of each Subsidiary.

## Omnibus Resolutions

RESOLVED, that the Authorized Officers, on behalf of each Subsidiary, be, and each them individually hereby is, authorized and empowered to do and perform or cause to be done and performed all such acts, deeds and things, and to make, execute and deliver, or cause to be made, executed and delivered, all such agreements, undertakings, documents, instruments or certificates in the name of each Subsidiary and to retain such counsel, agents and advisors and to incur and pay such expenses, fees and taxes as shall, in the opinion of the officers of each Subsidiary executing the same, be deemed necessary or advisable (such necessity or advisability to be conclusively evidenced by the execution thereof) to effectuate or carry out fully the purpose and interest of all of the foregoing resolutions; and that any and all such actions heretofore or hereafter taken by the Authorized Officers relating to and within the terms of these resolutions be, and they hereby are, adopted, affirmed, approved and ratified in all respects as the act and deed of each Subsidiary.

[signature page follows]

IN WITNESS WHEREOF, the undersigned has duly executed this Written Consent as of December 7, 2016.

Craig Amazeen, as sole manager
of FTFS Acquisition, LLC and
Scout.com, LLC and sole director of
Scout Media, Inc.

WCSR 37995280v2

[Signature Page to Subsidiary Board Consent]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Scout Media, Inc., et al.,[1] | Case No. 16-13369-MEW |
| Debtors. | Joint Administration Requested |

## STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO RULES 1007(A) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Bankruptcy Rules 1007(a) and 7007.1, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% of any class of equity interests in the above-captioned debtor.

| Debtor | Direct Owner(s) |
|---|---|
| Scout Media, Inc. | Scout Media Holdings, Inc. |

Dated:  December 8, 2016

_____
Craig Amazeen
President of Scout Media, Inc.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number are:  Scout Media, Inc. (1438); Scout Media Holdings, Inc. (1936); FTFS Acquisition, LLC (7230); and Scout.com, LLC (3629).  The location of the Debtors' headquarters and the Debtors' service address is 122 West 26th Street, Fifth Floor, New York, NY 10036.

4847-2834-6402.
WCSR 37998806v2

**Fill in this information to identify the case and this filing:**

Debtor Name    Scout Media, Inc.

United States Bankruptcy Court for the:  _____Southern_____  District of _New York_
                                                                                (State)
Case number (*If known*):  _____16-13369-MEW_____


## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets—Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a declaration_Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _12/08/2016_        ✗ _____
                  MM / DD / YYYY         Signature of individual signing on behalf of debtor


                                        Craig Amazeen
                                        Printed name

                                        President
                                        Position or relationship to debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Scout Media, Inc., et al.,[1] | ) Case No. 16-13369-MEW |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |
| | ) |

## CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS AGAINST DEBTORS

On December 1, 2016 (the "SMI Petition Date"), an involuntary

petition was filed against Scout Media, Inc. ("Scout Media" or "SMI"), and on the

date hereof (the "Remaining Debtors' Petition Date" and, together with the SMI

Petition Date, the "Petition Date"), each of the Debtors filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code. Contemporaneously with the filing

of their voluntary petitions, the Debtors filed a motion requesting an order

authorizing joint administration of their cases for administrative purposes only.

Pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy

Procedures, the following list provides information with respect to the holders of the

thirty (30) largest unsecured claims against the Debtors on a consolidated basis. The

list does not include (1) persons who come within the definition of "insider" set forth

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number are: Scout Media, Inc. (1438); Scout Media Holdings, Inc. (1936); FTFS Acquisition, LLC (7230); and Scout.com, LLC (3629). The location of the Debtors' headquarters and the Debtors' service address is 122 West 26th Street, Fifth Floor, New York, NY 10036.

in 11 U.S.C. Section 101 or (2) secured creditors unless the value of the collateral is

such that the unsecured deficiency places the creditor among the holders of the

consolidated thirty (30) largest unsecured claims.

The information contained herein shall not constitute an admission of

liability by, nor is it binding on, the Debtors.  The Debtors reserve all rights to assert

that any debt or claim listed herein is a disputed claim or debt, and to challenge the

priority, nature, amount, or status of any such claim or debt.  In the event of any

inconsistencies between the summaries set forth below and the respective corporate

and legal documents relating to such obligations, the descriptions in the corporate

and legal documents shall control.

**Fill in this information to identify the case:**

Debtor name <u>Scout Media, Inc. - Consolidated</u>

United States Bankruptcy Court for the Southern District of New York

Case number (If known): 16-13369-MEW

(State)

Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Quad Graphics N61 W23044 Harry's Way Sussex, WI 53089 | Mark Schoen F 414-566-4650 qgraphics@qg.com | Litigation | | | | 2,378,049.00 |
| 2 | SH Real Estate, LLC 900 Hwy 169 N Suite 100 New Hope, MN 55428 | Upper Midwest Management jtaylor@ummc.com | Accounts Payable | Disputed | | | 1,896,410.00 |
| 3 | Facebook, Inc. 15161 Collections Center Drive Chicago, IL | Accounts Receivable F 650-543-4801 | Litigation | | | | 1,721,825.00 |
| 4 | Twitter, Inc. 1355 Market Street San Francisco, CA 94103 | F 415-222-9958 | Litigation | | | | 1,185,475.00 |
| 5 | Ian Ritchie and Scott Atkins c/o Ryan, Swanson & Cleveland, PLLC Attn: Gulliver Swenson 1201 Third Avenue, Suite 3400 Seattle WA 98101 | swenson@ryanlaw.com ian@fftoolbox.com Ian.ritchie@scout.com satkins@fftoolbox.com scott.atkins@scout.com | Litigation | Contingent Unliquidated Disputed | | | $1,134,000 |
| 6 | Fosina Marketing Group 51-53 Kenosia Ave. Danbury, CT 06810 | F 203-790-0031 rlichwalla@fosinamarketing.com | Litigation | | | | 795,462.00 |
| 7 | RR Donnelley (Printing) Popper & Grafton 225 West 34th Street, STE 1806 New York, New York 10122 | Sam Grafton, Esq. F 212-290-2633 Pg-law@juno.com | Litigation | | | | 601,938.00 |
| 8 | SH Whitewater, LLC Attn: James Thomas, Manager 1314 Westridge Rd. New Ulm MN 56073 | Counsel: PLindmark@losgs.com dbeckman@gislason.com | Litigation | Disputed | | | 470,991.00 |

Debtor    <u>Scout Media, Inc. - Consolidated</u>                     Case number (*if known*) <u>16-13369-MEW</u>
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Premiere Networks, Inc. PO Box 98849 Chicago, IL 60693 | billingdept@premiereradio.com | Accounts Payable | | | | $360,545.45 |
| 10 | Federal Express PO Box 84515 Palatine, IL 60094 | F. 877-229-4766 | Litigation | | | | 357,073.00 |
| 11 | Wilson Sonsini Goodrich 701 Fifth Avenue Suite 5100 Seattle, WA 98104 | Jim Bishop F. 206-883-2699 jbishop@wsgr.com | Accounts Payable | | | | 356,799.76 |
| 12 | RSM 5155 Paysphere Circle Chicago, IL 60674 | F. 507-288-5448 | Accounts Payable | | | | 303,470.00 |
| 13 | Signature Consultants 200 West Cyprus Creek Rd Suite 400 Fort Lauderdale, FL 33309 | Michael Chrusch F. 954-677-3184 | Accounts Payable | | | | 267,807.00 |
| 14 | Jenrain Faegre Baker Daniels LP 2200 Wells Fargo Center, 90 South Seventh Street Minneapolis, MN 54402 | Charles McDonald, Esq. F. 612-766-31600 Charles.mcdonald@faegrebd.com | Litigation | | | | 230,000.00 |
| 15 | Outbrain, Inc. 39 W. 13th Street 3rd Floor New York, NY 10011 | F. 212-677-1372 | Accounts Payable | | | | 226,683.00 |
| 16 | Neustar 7373 Kirkwood Court Suite 200 Maple Grove, MN 55369 | Kurt Huizinga, Receivables Control F. 763-315-9699 khuizinga@rcomn.com | Litigation | | | | 191,858.00 |
| 17 | Microsoft Licensing, Gp Lockbox 842467 1950 N. Stemmons Fwy., Suite 5010 Dallas, TX 75207 | F. 775-823-7287 | Service Agreements | | | | 181,743.00 |
| 18 | Reliance Vitamins 3773 Park Ave. Unit 1 Edison, NJ 08820 | Archon Vitamin Corp. F. 732-537-1335 | Litigation | | | | 150,041.00 |
| 19 | Friedman Kaplan Seller & Adelman LLP 7 Times Square New York, NY 10036 | Christopher Colorado F. 212-373-7998 ccolorado@klaw.com | Accounts Payable | | | | 150,000.00 |
| 20 | Silverpop Systems, Inc. PO Box 347925 Pittsburgh, PA 15251 | F. 404-348-9822 | Accounts Payable | | | | 146,292.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Stone River Gear LLC 75 Manor Road Red Hook, NY 12571 | F. 866-258-7202 | Accounts Payable | | | | 144,000.00 |
| 22 | Comscore 14140 Collection Center Dr. Chicago, IL 60693 | | Accounts Payable | | | | 134,532.00 |
| 23 | National Corporate Research, Ltd 10 East 40th Street 10th Floor New York, NY 10016 | F. 800-944-6607 | Accounts Payable | | | | 128,687.00 |
| 24 | PCI Moss & Barnett 150 South Fifth Street Minneapolis, MN 54402 | Michael Etmund, Esq. F. 612.877.5999 | Litigation | | | | 108,945.00 |
| 25 | Parball Newco LLC dba Bally's Las Vegas One Caesar's Palace Drive Las Vegas, NV 89109 | | Accounts Payable | | | | 106,131,00 |
| 26 | CMF Associates LLC 325 Chestnut Street Suite 410 Philadelphia, PA 19106 | tbonney@cmfassociates.com | Accounts Payable | | | | 104,000.00 |
| 27 | GCA Savvian Advisors, LLC One Maritime Plaza 25th Floor San Francisco, CA 94111 | | Accounts Payable | | | | 94,170.36 |
| 28 | IMatch Technical Services 1417 4th Svenue Suite 810 Seattle, WA 98101 | info@Match.com | Accounts Payable | | | | 81,613.00 |
| 29 | Peachtree Packaging, Inc. 770 Marathon Parkway Lawrenceville, GA 30046 | F. 770-995-8447 | Litigation | | | | 77,491.00 |
| 30 | Penguin Random House 1745 Broadway New York, NY 10019 | | Litigation | | | | 76,969.00 |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Scout Media, Inc._____

United States Bankruptcy Court for the: _____Southern_____ District of ´ New York
(State)

Case number (*If known*): ____16-13369-MEW_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❏ *Schedule H: Codebtors* (Official Form 206H)

❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❏ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

❏ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___12/08/2016___        ✗ _____
          MM / DD / YYYY              Signature of individual signing on behalf of debtor

                              Craig Amazeen
                              _____
                              Printed name

                              President
                              _____
                              Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors