UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Scout Media, Inc., et al.,[1] | Case No. 16-13369-MEW |
| Debtors. | Joint Administration Requested |
|  | **Related Doc. No. 15** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO PAY CERTAIN PREPETITION CLAIMS OF
CRITICAL VENDORS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Scout Media, Inc., and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of interim and final orders (a) authorizing, but not directing, the Debtors to pay Critical Vendor Claims in an amount not to exceed the applicable Critical Vendor Cap absent further order of the Court; (b) granting related relief; and (c) scheduling a hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number are: Scout Media, Inc. (1438); Scout Media Holdings, Inc. (1936); FTFS Acquisition, LLC (7230); and Scout.com, LLC (3629). The location of the Debtors' headquarters and the Debtors' service address is 122 West 26th Street, Fifth Floor, New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims of web hosting providers, vendors providing website images, website engineering, and database administration; provided, that, such payments shall not exceed $75,000 in the aggregate (the "Interim Critical Vendor Cap") unless otherwise ordered by the Court after notice and a hearing.

3. The Debtors shall not pay any prepetition Critical Vendor Claim prior to such claim becoming due and payable.

4. Any Critical Vendor that accepts any payments made by the Debtors pursuant to this Interim Order on account of its Critical Vendor Claim, in return for the payment thereof, shall be deemed to have waived and released any previously asserted lien on the assets of the Debtors and their estates on account of such Critical Vendor Claim.

5. The Debtors are authorized, but not directed, in their sole discretion, to pay the Critical Vendor Claims, in whole or in part, upon such terms and in the manner provided in this Interim Order; provided that, if any Critical Vendor accepts payment hereunder and does not continue supplying services to the Debtors in accordance with the terms of its pre petition agreement, then: (a) the Debtors may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

6. Nothing herein shall have any bearing on whether any pre-existing contract is an executory contract under section 365 of the Bankruptcy Code

7. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor. The Debtors do not concede that any claims satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection or seek the avoidance of all such liens or the priority of such claims.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

designation of any particular check or electronic payment request as approved by this Interim Order.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Critical Vendor Claims.

11. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Interim Order.

12. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

13. Any objection to the entry of a further interim order granting the relief requested in the Motion shall, if in writing, be filed with the Court and served on the Notice Parties no later than December 16, 2016, at 4:00 p.m., prevailing Eastern Time, and otherwise may be made orally at the further Interim Hearing.

14. A further hearing (the "Interim Hearing") to consider the relief sought in the Motion shall be conducted on December 19, 2016 at 2:00 p.m., prevailing Eastern Time.

15. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

Dated: December 15, 2016  
        New York, New York

**s/Michael E. Wiles**  
The Honorable Michael E. Wiles  
United States Bankruptcy Judge