**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SCOUT MEDIA, INC.,** *et al.*, | **Case No. 16-13369 (MEW)** |
| **Debtors.** | **Jointly Administered** |
| | **Related Docket Nos. 20, 21, and 39** |

**ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF
ASSETS BY SCOUT MEDIA, INC. AND SCOUT.COM, LLC, (B) SCHEDULING
AN AUCTION, (C) APPROVING THE FORM AND MANNER OF NOTICE
THEREOF, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES,
(E) SCHEDULING A SALE HEARING AND APPROVING THE FORM AND
MANNER OF NOTICE THEREOF, AND (F) GRANTING RELATED RELIEF**

This Court having considered the motion  [Docket No. 20] (the "**Motion**")[1] for the entry

of an order approving bidding procedures for the sale of assets by Scout Media, Inc. and

Scout.com LLC, and granting related relief;  and the Court having reviewed the Declaration of

Craig Amazeen in Support of First Day Pleadings and the Declaration of David M. Johnson in

Support of the Sale and Bidding Procedures Motion; and based on these submissions and on the

arguments of counsel and the evidence presented at hearings before this Court on December 12,

2016 and December 19, 2016; and good and sufficient cause having been shown,

### IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1]     Capitalized terms not defined herein have the meaning assigned to them in the Motion.

[2]     To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so
deemed, and to the extent any conclusion of law shall be determined to be a finding of fact,
it shall be so deemed.

B. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief requested in the Motion are (i) sections 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and (ii) Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

D. Notice of the Motion and of the hearing to consider the Motion was sufficient under the circumstances and in accordance with this Court's prior order [Docket No. 39], and no other or further notice need be provided.

E. There is good cause to waive the 14 day stay imposed by Bankruptcy Rules 6004(h) and 6006(d) to the extent it is applicable.

F. The bidding procedures attached hereto as <u>Exhibit 1</u> (the "**Bidding Procedures**") are fair, reasonable, and appropriate, and are designed to maximize the value of the proceeds of a sale (the "**Sale**") of the assets of Scout Media Inc. and Scout.com LLC (the "**Assets**") to a purchaser (the "**Sale Transaction**") following an auction (the "**Auction**") in the event an Auction is called for under the Bidding Procedures.

G. The Assumption and Assignment Procedures set forth in paragraphs 12-20 of this Order (the "**Assumption and Assignment Procedures**") are fair, reasonable, and appropriate and comply with the provisions of Bankruptcy Code section 365.

H. The Debtors have articulated good and sufficient business reasons for this Court to approve (i) the Bidding Procedures, (ii) the Assumption and Assignment Notice attached hereto as <u>Exhibit 2</u> (the "**Assumption and Assignment Notice**") (iii) the Sale Notice attached hereto as <u>Exhibit 3</u> (the "**Sale Notice**"), and the (iv) Assumption and Assignment Procedures.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Motion is granted to the extent set forth herein.

2.      All objections to the relief granted in this Order that have not been withdrawn, waived, or settled hereby are overruled.

**A.      The Bidding Procedures**

3.      The Bidding Procedures attached hereto as Exhibit 1 are hereby approved.

4.      The following dates and deadlines regarding competitive bidding are hereby established:

a.      **Bid Deadline: January 25, 2017 at 5:00 p.m. (Prevailing Eastern Time)** is the deadline by which all Qualified Bids must be **actually received** (the "Bid Deadline");

b.      **Notification of Status as Qualified Bidder: January 26, 2017 at 5:00 p.m. (Prevailing Eastern Time)** is the deadline by which the Debtors must notify bidders of their status as Qualified Bidders; and

c.      **Auction: January 27, 2017 at 10:00 a.m. (Prevailing Eastern Time)** is the date and time the Auction, if one is needed, which will be held at the offices of Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, Delaware 19801.

d.      The hearing to approve the Sale and any Successful Bid(s) in respect of the Assets shall take place on **February 1, 2017 at 11:00 a.m.** (the "Sale Hearing") before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 617, located at One Bowling Green, New York, NY 10004.

5.      Only a Qualified Bidder that has submitted a Qualified Bid will be eligible to participate at the Auction. As described in the Bidding Procedures, if the Debtors do not receive more than one Qualified Bid, the Debtors, after consultation with the Consultation Parties, may determine not to hold the Auction, and the sole Qualified Bidder may be named the Successful Bidder and the Debtors may seek final approval at the Sale Hearing of the sale of the Assets to the sole Qualified Bidder.

**B.      Sale Notice**

6.      The form of Sale Notice attached hereto as <u>Exhibit 3</u> is approved.

7.     Within two (2) business days after entry of this Bidding Procedures Order, the Debtors shall serve the Sale Notice by first class mail or email on: (a) the Consultation Parties; (b) all persons and entities known by the Debtors to have expressed an interest to the Debtors in a Sale Transaction involving any of the Assets during the past twelve (12) months, including any person or entity that has submitted a bid for any of the Assets; (c) all persons and entities known by the Debtors to have asserted any lien, claim, interest, or encumbrance in the Assets (for whom identifying information and addresses are available to the Debtors); (d) all non-Debtor parties to any Contracts that are proposed to be assumed or rejected in connection with a Sale Transaction; (e) any governmental authority known to have a claim against the Debtors in these chapter 11 cases; (f) the United States Attorney General; (g) the Antitrust Division of the United States Department of Justice; (h) the United States Attorney for the District of Delaware; (i) the Office of the Attorney General in Washington, Minnesota, New York, and Delaware; (j) the Federal Trade Commission; (k) the office of the United States Trustee for the Southern District of New York; (1) the Internal Revenue Service; (m) the United States Securities and Exchange Commission; (n) all of the Debtors' known creditors (for whom identifying information and addresses are known to the Debtors); and (o) all parties who have filed a notice of appearance and request for service of papers in these Cases pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

8.     Not later than five (5) days after entry of this Order, the Debtors shall cause the material information contained in the Sale Notice to be published once in modified and/or condensed form in the Wall Street Journal, New York Times, and USA Today.

9.     Objections to any Sale Transaction (each, a "**Sale Objection**"), including any objection to the sale of any Assets free and clear of liens, claims, interests, and encumbrances

pursuant to Bankruptcy Code section 363(f) and entry of any Sale Order (other than Cure Objections, Assignability Objections, and Adequate Assurance Objections, the procedures and deadlines for which are set forth in Section C below) must (a) be in writing and specify the nature of such objection; (b) comply with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and all orders of the Bankruptcy Court; and (c) be filed with the Bankruptcy Court and served on: (i) the Debtors, Scout Media, Inc., 122 West 26th Street, Fifth Floor, New York, NY 10036 (Attn: Craig Amazeen); (ii) counsel for the Debtors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, DE 19801 (Attn: Matthew P. Ward); (iii) proposed counsel to the Official Committee of Unsecured Creditors, Kelley Drye & Warren, LLP, 101 Park Avenue, New York, NY 10178 (Attn.: James S. Carr and Jason R. Adams); (iv) counsel for the Debtors' DIP Lenders, Levy, Small & Lallas, 815 Morgaga Drive, Los Angeles, CA 90049 (Attn: Leo Plotkin) and Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 N. Market St., Suite 5400, Wilmington, DE 19801 (Attn: William E. Chipman, Jr.); *(v)* the Bridge Lenders, (vi) counsel (if applicable) for any Successful Bidder; (vii) counsel (if applicable) for any Backup Bidder; and (x) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Brian Masumoto) (collectively, the "**Objection Recipients**") by **January 31, 2017 at 5:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**").

10.    Any replies to Sale Objections shall be submitted no later than one (1) business day before the Sale Hearing.

11.    Any party that fails to timely file with the Court and serve on the Objection Parties a Sale Objection shall be barred from asserting, at the applicable Sale Hearing or

thereafter, any objection to the relief requested in the Motion, or to the consummation and performance of the Sale Transaction, including the transfer of the Assets to the Successful Bidder free and clear of all liens, claims, interests, and encumbrances pursuant to Bankruptcy Code section 363(f). The procedures for separate objections regarding the assumptions and assignments of contracts (including the deadline to file a Cure Objection, Assignability Objection, or an Adequate Assurance Objection) are set forth in the next section.

## C.    Assumption and Assignment Procedures

### 1.    Cure Objections and Assignability Objections

12.    The Assumption and Assignment Notice attached hereto as <u>Exhibit 2</u> is approved.

13.    Within four (4) days after the entry of this Order, the Debtors shall file with this Court and serve on the Notice Parties, including each Counterparty to a Contract that may be assumed, the Assumption and Assignment Notice, which shall (i) identify the Contracts; (ii) list the Debtors' good faith calculation of Cure Costs with respect to each Contract; (iii) expressly state that assumption or assignment of a Contract is not guaranteed and is subject to the agreement of the Successful Bidder and Court approval; and (iv) prominently display the deadline to file objections to the assumption, assignment, or sale of the Debtors' Proposed Assumed Contracts (as defined below).

14.    Any non-debtor counterparty (a "**<u>Counterparty</u>**") to a Contract that wishes to object to the proposed assumption, assignment, and sale of a Contract based on (i) an objection to the Debtors' proposed Cure Costs to cure any outstanding monetary defaults then existing under such Contract (each, a "**<u>Cure Objection</u>**") and/or (ii) an objection to the assignability of the Contract, whether on grounds that such contract is not assignable, is not an executory contract or unexpired lease, or otherwise (each, an "**<u>Assignability Objection</u>**"), shall file with

the Bankruptcy Court and serve on the Objection Recipients its Cure Objection and/or Assignability Objection, which must state, with specificity, the legal and factual bases thereof, including any appropriate documentation in support thereof, by no later than **January 20, 2017** at 5:00 p.m. (prevailing Eastern Time).

15.     In the event that the Debtors identify any Counterparty that was not served with the Assumption and Assignment Notice, the Debtors may subsequently serve such Counterparty with an Assumption and Assignment Notice, and the following procedures will nevertheless apply to such Counterparty; provided, however, that the deadline to file a Cure Objection or Assignability Objection with respect to such Counterparty shall be **5:00 p.m. (prevailing Eastern Time**) on the date that is 14 days following service of the Assumption and Assignment Notice.

16.     If the parties are unable to consensually resolve a Cure Objection and/or Assignability Objection prior to the commencement of the Sale Hearing, the amount to he paid or reserved with respect to such Cure Objection and the assignability of the Contract shall be determined by the Bankruptcy Court at the Sale Hearing provided that, a Cure Objection may, at the Debtors' discretion, after consulting with the Consultation Parties and the applicable Successful Bidder, he adjourned (an "**Adjourned Cure Objection**") to a subsequent hearing. An Adjourned Cure Objection may be resolved after the closing date of the applicable Sale Transaction; provided that the Debtors maintain a cash reserve equal to the cure amount the objecting Counterparty believes is required to cure the asserted monetary default under the applicable Contract. Upon resolution of an Adjourned Cure Objection and the payment of the applicable cure amount, if any, the applicable Contract that was the subject of such Adjourned Cure Objection shall be deemed assumed and assigned to the applicable Successful Bidder, as of

the closing date of the applicable Sale Transaction. All objections to the proposed assumption and assignment of the Debtors' right, title, and interest in, to, and under a Contract will be heard at the Sale Hearing, except with respect to an Adjourned Cure Objection as set forth herein.

17.     If a Counterparty fails to timely file with the Bankruptcy Court and serve on the Objection Recipients a Cure Objection and/or Assignability Objection, the Counterparty shall be barred from contesting the Cure Costs set forth in the Assumption and Assignment Notice and shall be barred from asserting that the contract cannot be assumed and assigned under Bankruptcy Code section 365(b).

### 2.     Adequate Assurance Objections

18.     The Debtors shall notify all Counterparties to contracts that are to be assumed of the identities of the Successful Bidder and Back-Up Bidder as soon as practicable after those bidders have been identified.  Upon request by a Counterparty, the Debtors shall serve, by electronic mail, the evidence of adequate assurance of future performance under the Proposed Assumed Contracts, including the legal name of the proposed assignee, the proposed use of any leased premises, the proposed assignee's financial ability to perform under the Proposed Assumed Contracts, and a contact person with the proposed assignee that Counterparties may contact if they wish to obtain further information regarding the purchaser of the Assets. Any Counterparty to a Proposed Assumed Contract that wishes to object to the proposed assumption, assignment, and sale of the Proposed Assumed Contract, the subject of which objection is a Successful Bidder's proposed form of adequate assurance of future performance with respect to such contract (each, an "**Adequate Assurance Objection**"), shall file with the Bankruptcy Court and serve on the Objection Recipients an Adequate Assurance Objection, which must state, with

specificity, the legal and factual bases thereof, including any appropriate documentation in support thereof, by no later than **January 31, 2017, at 5:00 p.m. (prevailing Eastern Time).**

19.     If the parties are unable to consensually resolve an Adequate Assurance Objection prior to the commencement of the Sale Hearing, such objection and all issues of adequate assurance of future performance of the applicable Successful Bidder shall be determined by the Court at the Sale Hearing.

20.     If a Counterparty fails to timely file with the Bankruptcy Court and serve on the Objection Recipients an Adequate Assurance Objection, the Successful Bidder shall be deemed to have provided adequate assurance of future performance with respect to the applicable Proposed Assumed Contract.

**D.     Auction**

21.     If the Debtors receive more than one Qualified Bid for the same Assets with acceptable purchase prices by the Bid Deadline, the Debtors shall conduct the Auction. The Auction, if required, will be conducted at the offices of Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, DE on **January 27, 2017 at 10:00 a.m. (prevailing Eastern Time)** (the "**Auction Date**"), or at such other time and location as designated by the Debtors, after consultation with the Consultation Parties. The Debtors shall have the right to conduct any number of Auctions on the Auction Date, if the Debtors determine, in their reasonable business judgment and in consultation with the Consultation Parties, that conducting such Auctions would be in the best interests of the Debtors' estates. If the Debtors receive no more than one Qualified Bid, the Debtors may decide, in their discretion after consultation with the Consultation Parties, to cancel the Auction and instead shall request at the Sale Hearing that this Court approve the Sale Transaction with the sole Qualified Bidder.

22.     As the Debtors are seeking to sell the assets in accordance with the terms of their existing privacy policy (the "**<u>Privacy Policy</u>**"), and the Privacy Policy permits the Debtors to transfer personal information, there is no requirement that the U.S. Trustee appoint a consumer privacy ombudsman pursuant to Bankruptcy Code sections 363(b)(1) and 332(a).

23.     The Good Faith Deposits of the bidders, and any other amounts deposited into escrow pursuant to the applicable purchase agreement, shall be held in escrow by Sherwood Partners, Inc. and shall not become property of the Debtors' bankruptcy estates unless the Deposit Amount or other amount escrowed is otherwise due and payable to the Debtors in accordance with the applicable purchase agreement. The Debtors are authorized to enter into an escrow agreement with each bidder, and when executed by the Debtors, such escrow agreements shall be binding and enforceable against the Debtors and their estates in all respects.

24.     All persons and entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the terms and conditions of the transfer of Assets, the Auction, and any Sale Transaction.

25.     In the event there is a conflict between this Order and the Motion, this Order shall control and govern.

26.     This Order shall be immediately effective and enforceable upon its entry. The fourteen (14) day stay imposed by Bankruptcy Rules 6004(h) and 6006(d) is hereby waived.

27.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

28.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  New York, New York
        December 20, 2016

                                    s/Michael E. Wiles
                                    _____
                                    **Hon. Michael E. Wiles**
                                    **United States Bankruptcy Judge**

Exhibit 1

(Bidding Procedures)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SCOUT MEDIA, INC.,** *et al.*, | **Case No. 16-13369 (MEW)** |
| **Debtors.** | **Jointly Administered** |

## BIDDING PROCEDURES

       Scout Media, Inc. and Scout.com LLC are debtors-in-possession in chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of New York. The Court has approved these bidding procedures (the "Bidding Procedures") to be used in connection with the sale (the "Sale" or "Sale Transaction") of the assets of Scout Media, Inc. and Scout.com LLC (the "Assets"). The motion seeking approval of the Sale can be found at docket number 20 on the official docket for these cases.

## KEY DATES AND DEADLINES

| | |
|---|---|
| **January 20, 2017  5:00 p.m.** | Deadline to file Cure Objections and Assignability Objections |
| **January 25, 2017 at 5:00 p.m.** | Bid Deadline |
| **January 26, 2016 at 5:00 p.m.** | Deadline for Debtors to notify bidders of their status as Qualified Bidders |
| **January 27, 2017 at 10:00 a.m.** | Auction, to be held at the offices of Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, DE |
| **Conclusion of auction** | Deadline to File Auction Results |
| **January 31, 2017 at 5:00 p.m.** | Deadline to file objections to Sale Transaction(s) (other than Cure Objections and Assignability Objections) |
| **January 31, 2017 at 5:00 p.m.** | Deadline to file Adequate Assurance Objections |
| **February 1, 2017 at 2:00 p.m.** | Proposed hearing to approve proposed Sale Transaction(s) |

## CONTACT(S)

       All documents to be submitted by interested parties pursuant to the terms of these bidding procedures, including confidentiality agreements, bids, evidence of financial ability, requests for due diligence, and all other information, should be delivered to Sherwood Partners, Inc. and Womble Carlyle Sandridge & Rice, LLP, whose contact information is as follows:

Sherwood Partners, Inc.  
Attn. Andrew De Camara  
1100 La Avenida Street, Building A  
Mountain View, CA 94043  
E-mail: ad@sherwoodpartners.com

Womble Carlyle Sandridge & Rice, LLP  
Attn. Matthew P. Ward  
222 Delaware Avenue, Suite 1501  
Wilmington, DE 19801  
E-mail: MaWard@wcsr.com

## DUE DILIGENCE

Each person or entity that desires to participate in the Auction (each, a "Prospective Bidder") must first deliver the following materials:

- an executed confidentiality agreement, in form and substance satisfactory to the Debtors, after consultation with the Consultation Parties, and consistent with the terms of the confidentiality agreements that the Debtors required potential bidders to sign prior to the filing of these chapter 11 cases (collectively, the "Cases");

- a statement and other factual support demonstrating to the Debtors' satisfaction, after consultation with the Consultation Parties, in the exercise of their reasonable business judgment that the Prospective Bidder has a *bona fide* interest in purchasing Assets; and

- preliminary proof by the Prospective Bidder of its financial capacity to close a proposed Sale Transaction, which may include current unaudited or verified financial statements of, or verified financial commitments obtained by, the Prospective Bidder (or, if the Prospective Bidder is an entity formed for the purpose of acquiring the property to be sold, the party that will bear liability for a breach), the adequacy of which the Debtors and its advisors will determine, after consultation with the Consultation Parties; provided that such proof shall not be required to the extent that the Prospective Bidder's financial capacity is reasonably known to the Debtors' financial advisor.

Upon execution of a valid confidentiality agreement, any Prospective Bidder identified by the Debtors as reasonably likely to be a Qualified Bidder that wishes to conduct due diligence on the Assets may, in the Debtors' discretion, be granted access to all material information regarding the Assets; provided that, if any Prospective Bidder is (or is affiliated with) a competitor of the Debtors, the disclosure of trade secrets or proprietary information shall be controlled or restricted in such manner as the Debtors, in consultation with the Consultation Parties, deem necessary.

If the Debtors determine that a Prospective Bidder does not qualify as a Qualified Bidder, such Prospective Bidder shall not be entitled to receive due diligence access or additional non-public information.

The Debtors will work to accommodate all reasonable requests for additional information and due diligence access from Prospective Bidders who qualify as Qualified Bidders.

**BID DEADLINE**

Any Prospective Bidder that intends to participate in the Auction must submit its bid (and such bid must constitute a Qualified Bid (as hereinafter defined)) on or before **January 25, 2017 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline") in writing. Any bid received after the Bid Deadline will not constitute a Qualified Bid.

A Good Faith Deposit (as defined below) must be contemporaneously provided with any bid by wire transfer or certified check pursuant to delivery instructions to be provided by the Debtors prior to the Bid Deadline.

The Debtors shall promptly provide copies of all bids received to the Consultation Parties; provided that the Debtors shall not be required to provide to any Consultation Party any material, nonpublic information regarding bids for the Assets if such Consultation Party submits a bid to purchase all or any portion of the Assets or if such Consultation Party has reserved the right to do so at an Auction. Further, the Debtors shall not be required to consult with any Consultation Party pursuant to the terms of these Bidding Procedures if such party is an active bidder at the applicable time.

**BID REQUIREMENTS**

**A.      Qualified Bid Requirements**

To qualify as a "Qualified Bid," the bid must be in writing and the Debtors, after consultation with the Consultation Parties, must determine that the bid satisfies the following requirements:

1.      <u>Purchased Assets</u>. A Qualified Bid must identify the following:

   a)      the Assets or the portion thereof to be purchased, including any Contracts of the Debtors that would be assumed and assigned in connection with the relevant Sale Transaction (all such Contracts, the "Proposed Assumed Contracts");

   b)      the liabilities, if any, to be assumed, including any debt to be assumed;

   c)      the cash purchase price of, and any other consideration offered in connection with, the bid;

   d)      the proposed form of adequate assurance of future performance with respect to any Proposed Assumed Contracts; and

   e)      whether the Prospective Bidder intends to operate all or a portion of the Debtors' business as a going concern, or to liquidate the business.

2.      <u>Identification of Bidder</u>. A Qualified Bid must fully disclose the legal identity of each person or entity bidding for the applicable Assets or otherwise sponsoring, financing (including through the issuance of debt in connection with such bid), participating in

3

(including through license or similar arrangement with respect to the assets to be acquired in connection with such bid) such bid or the Auction in connection with such bid, and the complete terms of any such participation, and must also disclose any past or present connections or agreements with the Debtors, the Stalking Horse Purchaser, if any, any other known Prospective Bidder or Qualified Bidder, and/or any officer or director of the foregoing (including any current or former officer or director of the Debtors).

3.  <u>Asset Purchase Agreement</u>.  A Qualified Bid must include a duly authorized and executed copy of the form asset purchase agreement provided by the Debtors (the "Form APA") modified to reflect such Qualified Bidder's proposed Sale Transaction (the "Alternative Transaction Agreement") (including all exhibits and schedules thereto), together with copies marked to show any amendments and modifications to (A) the Form APA and (B) the proposed Sale Order.

4.  <u>Credit Bidding</u>. In connection with the Sale of the Assets, and unless the Court orders otherwise, a person or entity holding a valid, properly perfected security interest in such Assets may seek to credit bid some or all of their claims that are not subject to a bona fide dispute for their respective collateral (each such bid, a "Credit Bid") pursuant to Bankruptcy Code section 363(k). A Credit Bid may be applied only to reduce the cash consideration with respect to the Assets in which the party submitting the Credit Bid holds a valid, properly perfected security interest with respect to which there are no other more senior security interests. Each person or entity holding a valid, properly perfected security interest in Assets with respect to which there are no other more senior security interests for which it submits a bid shall be deemed a Qualified Bidder with respect to its right to acquire such Assets by Credit Bid.

5.  <u>Financial Information</u>. A Qualified Bid must include the following:

   a)  a statement that the Prospective Bidder is financially capable of consummating the Sale Transaction;

   b)  if the bid includes a Credit Bid, a statement that any properly perfected more senior security interest will be satisfied in cash and any remaining balance of the bid after reducing the applicable purchase price of the Assets by the amount of the proposed Credit Bid is based on an all-cash offer; and

   c)  satisfactory evidence of committed financing or other financial ability to consummate the proposed Sale Transaction(s) in a timely manner.

6.  <u>Good Faith Deposit</u>. Each Qualified Bid (other than one that includes a Credit Bid) must be accompanied by a good faith deposit (the "Good Faith Deposit") in the form of cash (or other form acceptable to the Debtors, after consultation with the Consultation Parties) in an amount equal to 10% of the purchase price offered to purchase the Assets (or portion thereof). All Good Faith Deposits shall be held in escrow in a non-interest bearing account identified by the Debtors until no later than five business days after the conclusion of the Auction unless such bidder is selected as the Successful Bidder or as a

Backup Bidder (as hereinafter defined), and thereafter returned to the respective Qualified Bidders in accordance with the Bidding Procedures.

7.      Adequate Assurance. A Qualified Bid must include evidence of the Prospective Bidder's ability to comply with section 365 of the Bankruptcy Code (to the extent applicable), including providing adequate assurance of such Prospective Bidder's ability to perform future obligations arising under the contracts and leases proposed in its bid to be assumed by the Debtors and assigned to the Prospective Bidder, in a form that will permit the immediate dissemination of such evidence to the Counterparties to such contracts and leases.

8.      Representations and Warranties. A Qualified Bid must include the following representations and warranties:

      a)      it must expressly state that the Prospective Bidder has had an opportunity to conduct any and all due diligence regarding the Debtors' businesses and the Assets prior to submitting its bid; and

      b)      it must include a statement that the Prospective Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the Assets in making its bid and did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Debtors' businesses or the Assets, or the completeness of any information provided in connection therewith.

9.      Authorization. A Qualified Bid must include evidence of authorization and approval from the Prospective Bidder's board of directors (or comparable governing body) with respect to the submission, execution, and delivery of a bid, participation in the Auction, and closing of the proposed Sale Transaction(s) in accordance with the terms of the bid and these Bidding Procedures.

10.      Other Requirements. A Qualified Bid shall:

      a)      expressly state that the bid is formal, binding, not subject to or conditioned on any further due diligence, and irrevocable until the selection of the Successful Bid and the Backup Bid (as defined below) in accordance with these Bidding Procedures; provided that if such Prospective Bidder is selected as the Successful Bidder or Backup Bidder, its bid must remain irrevocable until the Debtors' consummation of a sale with the Successful Bidder or the Backup Bidder;

      b)      expressly state that the Prospective Bidder is committed to closing the proposed Sale Transaction(s) contemplated by the bid as soon as practicable;

      c)      expressly state and acknowledge that no Prospective Bidder shall be entitled to a break-up fee, termination fee, expense reimbursement, or

similar type of "bid protection" in connection with the submission of a bid;

d)      expressly waive any claim or right to assert any substantial contribution administrative expense claim under Bankruptcy Code section 503(b) in connection with bidding for the Assets and/or participating in the Auction;

e)      not contain any financing contingencies of any kind;

f)      not contain any condition to closing of the proposed Sale Transaction(s) on the receipt of any third party approvals (excluding Bankruptcy Court approval and any applicable required governmental and/or regulatory approval);

g)      state that all necessary filings under applicable regulatory, antitrust, and other laws will be made and that payment of the fees associated therewith shall be made by the Prospective Bidder;

h)      expressly state that the Prospective Bidder agrees to serve as a backup bidder (a "Backup Bidder") if such bidder's Qualified Bid is selected as the next highest or otherwise next best bid after the Successful Bid with respect to the applicable Assets;

i)      include contact information for the specific person(s) the Debtors should contact in the event they have any questions about the Prospective Bidder's bid; and

j)      be received by the Bid Deadline.

11.      *Disqualification of Bids*. The Debtors, in their business judgment, and in consultation with the Consultation Parties, reserve the right to reject any bid, including (without limitation) if such bid among other things:

a)      requires any indemnification of the Prospective Bidder;

b)      is not received by the Bid Deadline;

c)      is subject to any contingencies (including representations, warranties, covenants, and timing requirements) of any kind or any other conditions precedent to such party's obligation to acquire the relevant Assets; or

d)      does not, in the Debtors' determination (after consultation with the Consultation Parties), include a fair and adequate price or the acceptance, of which would not be in the best interests of the Debtors' estates.

Any bid rejected pursuant to this paragraph shall not be deemed to be a Qualified Bid. In the event that any bid is so rejected, the Debtors shall cause the Good Faith Deposit of

such Prospective Bidder to be refunded to it within five (5) business days after the Bid Deadline.

**B.      Qualified Bidders**

A bid received for the Assets that is determined by the Debtors, after consultation with the Consultation Parties, to meet the requirements set forth above will be considered a "Qualified Bid," and any bidder that submits a Qualified Bid will be considered a "Qualified Bidder."

The Debtors will value a Qualified Bid using any and all factors that the Debtors, in consultation with the Consultation Parties, deem reasonably pertinent, including, without limitation, (i) the amount of the purchase price and Credit Bid (if any), as applicable, set forth in the Qualified Bid; (ii) the risks and timing associated with consummating a Sale Transaction(s) with the Qualified Bidder; and (iii) any Assets included in or excluded from the Qualified Bid, including any Proposed Assumed Contracts. In addition, the Debtors will consider bids for any or all of the Assets. The Debtors may, after consulting with the Consultation Parties, accept as a single Qualified Bid, multiple bids for non-overlapping portions of the Assets such that, when taken together in the aggregate, such bids would otherwise meet the standards for a single Qualified Bid.

The Debtors, after consultation with the Consultation Parties, may permit otherwise Qualified Bidders who submitted bids by the Bid Deadline for less than a substantial (but nevertheless a material) portion of the Assets but who were not identified as a component of a single Qualified Bid consisting of such multiple bids, to participate in the Auction and to submit higher or otherwise better bids that in subsequent rounds of bidding may be considered, together with other bids for non-overlapping material portions of the Assets, as part of such a single Qualified Bid for overbid purposes.

The Debtors, after consultation with the Consultation Parties, shall make a determination regarding which bids qualify as Qualified Bids and as Baseline Bids (as hereinafter defined) and shall notify bidders whether they have been selected as Qualified Bidders by no later than **January 26, 2017 at 5:00 p.m. (prevailing Eastern Time).**

**C.      Bid Protections**

No party submitting a bid, whether or not such bid is determined by the Debtors to qualify as a Qualified Bid, shall be entitled to a break-up fee or expense reimbursement, or any other bid protection, unless such break-up fee, expense reimbursement, or other bid protection is approved by the Bankruptcy Court.

## THE AUCTION

If the Debtors receive more than one Qualified Bid for the same Assets with acceptable purchase prices by the Bid Deadline, the Debtors, after consultation with the Consultation Parties, shall conduct the Auction. The Auction, if required, will be conducted at the offices of **Womble Carlyle Sandridge & Rice, LLP,** 222 **Delaware Avenue, Suite 1501, Wilmington, DE 19801 on January 27, 2017 at 10:00 a.m. (prevailing Eastern Time)** (the "Auction Date"), or at such other time and location as designated by the Debtors, after consulting with the

Consultation Parties. The Debtors shall have the right to conduct any number of Auctions on the Auction Date to accommodate multiple bids that comprise a single Qualified Bid, if the Debtors determine, in their reasonable business judgment that conducting such auctions would be in the best interests of the Debtors' estates.

If the Debtors receive no more than one Qualified Bid, the Debtors, after consultation with the Consultation Parties, may cancel the Auction and instead request at the Sale Hearing that the Bankruptcy Court approve the bid proposed by the sole Qualified Bid.

All bidders at the Auction will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to jury trial in connection with any disputes relating to the Auction, the Sale and the construction and enforcement of the applicable asset purchase agreement and all other agreements entered into in connection with any proposed Sale Transaction.

## A. Participants and Attendees

Only Qualified Bidders that have submitted Qualified Bids by the Bid Deadline are eligible to participate in the Auction, subject to other limitations as may be reasonably imposed by the Debtors, after consultation with the Consultation Parties, in accordance with the Bidding Procedures. Qualified Bidders participating in the Auction must appear in person at the Auction, or through a duly authorized representative. The Debtors may, in their sole and exclusive discretion, establish a reasonable limit on the number of representatives and/or professional advisors that may appear on behalf of or accompany each Qualified Bidder at the Auction. Each of the Consultation Parties shall be entitled to have a reasonable number of representatives and/or professional advisors attend the Auction.

Each Qualified Bidder participating in the Auction will be required to confirm in writing and on the record at the Auction that (A) it has not engaged in any collusion with respect to the submission of any bid or the Auction, and (B) its Qualified Bid represents a binding, good faith, and bona fide offer to purchase the Assets identified in such bid if selected as the Successful Bidder.

## B. Auction Procedures

The Auction shall be governed by the following procedures, subject to the Debtors' right to modify such procedures, after consultation with the Consultation Parties, in their reasonable business judgment:

1. <u>Baseline Bids</u>. Bidding shall commence at the amount of the Qualified Bid that the Debtors, in consultation with the Consultation Parties, determine in their business judgment to be the highest or otherwise best Qualified Bid (the "Baseline Bid").

2. <u>Minimum Overbid</u>. Qualified Bidders may submit successive bids higher than the previous bid, based on and increased from the Baseline Bid for the relevant Assets. The minimum required increments for successive Qualified Bids (each such bid, a "Minimum Overbid") will be announced at the outset of the Auction.

The Debtors may, in their reasonable business judgment, and after consulting with the Consultation Parties, announce increases or reductions to Minimum Overbids at any time during the Auction.

Except as specifically set forth herein, for the purpose of evaluating the value of the consideration provided by any bid subsequent to a Baseline Bid, the Debtors will, at each round of bidding, give effect to any additional liabilities to be assumed by a Qualified Bidder and any additional costs that may be imposed on the Debtors. To the extent that a Minimum Overbid has been accepted entirely or in part because of the addition, deletion, or modification of a provision or provisions in any Stalking Horse APA, the Debtors will identify such added, deleted, or modified provision or provisions and the value thereof.

3.  <u>Highest or Best Offer</u>. After the first round of bidding and between each subsequent round of bidding, the Debtors, after consultation with the Consultation Parties, shall announce the bid that they believe to be the highest or otherwise best offer for the relevant Assets (the "Leading Bid").  Each round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a subsequent bid with full knowledge of the Leading Bid.

The Auction may include open bidding in the presence of all other Qualified Bidders. All Qualified Bidders shall have the right to submit additional bids and make modifications to their APA at the Auction to improve their bids. The Debtors may, in their reasonable business judgment, negotiate with any and all Qualified Bidders participating in the Auction.

The Debtors shall have the right, after consulting with the Consultation Parties, to determine, in their reasonable business judgment, which bid is the highest or otherwise best bid with respect to the applicable Asset(s) and reject at any time, without liability, any bid that they deem to be inadequate or insufficient, not in conformity with the requirements of the Bankruptcy Code, Bankruptcy Rules, or the Local Rules, these Bidding Procedures, any order of the Bankruptcy Court, or the best interests of the Debtors and their estates.

Any Leading Bid made from time to time by a Qualified Bidder must remain open and binding on the Qualified Bidder until and unless (i) the Debtors accept a higher or otherwise better bid submitted by another Qualified Bidder during the Auction as a Leading Bid and (ii) such Leading Bid is not selected as the Backup Bid.

To the extent not previously provided (which will be determined by the Debtors), a Qualified Bidder submitting a subsequent bid must submit at the Debtors' request, as part of its subsequent bid, evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors) demonstrating such Qualified Bidder's ability to close the transaction at the purchase price contemplated by such subsequent bid.

4. <u>Transcription</u>. The bidding at the Auction shall be transcribed and the Debtors shall maintain a transcript of all bids made and announced at the Auction.

## C. Auction Results

1. <u>Successful Bids</u>. Immediately prior to the conclusion of the Auction, the Debtors shall, in consultation with the Consultation Parties, (A) determine, consistent with the Bidding Procedures, which bid constitutes the highest or otherwise best bid(s) for the applicable Asset(s) (each such bid, a "Successful Bid"); and (B) notify all Qualified Bidders at the Auction for the applicable Asset(s) of the identity of the bidder that submitted the Successful Bid (each such bidder, the "Successful Bidder") for such Asset(s) and the amount of the purchase price and other material terms of the Successful Bid.

2. <u>Backup Bids</u>. Immediately prior to the conclusion of the Auction, the Debtors may, in consultation with the Consultation Parties, (a) determine, consistent with these Bidding Procedures, which Qualified Bid is the next highest or otherwise best Qualified Bid for the relevant Assets after the Successful Bid (each such Qualified Bid, a "Backup Bid"); and (b) notify all Qualified Bidders at the Auction for the applicable Asset of the identity of the Backup Bidder and the amount of the purchase price and other material terms of the Backup Bid.

   Backup Bids must remain open until the Debtors' consummation of a sale with the Successful Bidder. If the Successful Bidder for the applicable Assets fails to consummate a Sale Transaction, the Backup Bidder shall be deemed the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate a Sale Transaction for the applicable Assets with the Backup Bidder.

**Promptly after the conclusion of the Auction** the Debtors shall file with the Bankruptcy Court and serve on the Sale Notice Parties the results of the Auction, which shall include (i) a copy of the Successful Bid and Backup Bid and (ii) the identity of the Successful Bidder and Backup Bidder, and shall also file with the Bankruptcy Court and serve on the Sale Notice Parties the Notice of the Proposed Assumed Contracts.

## D. Return of Good Faith Deposit

The Good Faith Deposits of all Prospective Bidders shall be held in escrow Sherwood Partners, Inc. in a non-interest-bearing escrow or trust account, and shall not become property of the Debtors' estates. The Good Faith Deposits of all Prospective Bidders shall be retained by the Sherwood Partners, Inc., notwithstanding Bankruptcy Court approval of Sale Transactions for the applicable Assets, until no later than five business days after the conclusion of the Auction, except for the Good Faith Deposits of Successful Bidders and Backup Bidders. Sherwood Partners, Inc. shall retain the Good Faith Deposits of Backup Bidders until no later than three business days after the closing of a Sale Transaction with the Successful Bidder for the applicable Assets.

At the closing of a Sale Transaction, the Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit. If a Successful Bidder fails to consummate a Sale

Transaction because of a breach that entitles the Debtors to terminate the applicable asset purchase agreement, then, the Debtors and their estates shall be entitled to retain the Good Faith Deposit of the Successful Bidder as part of the damages resulting to the Debtors and their estates for such breach or failure to perform.

## SALE HEARING

Each Successful Bid (including any Backup Bid that is subsequently deemed a Successful Bid) will be subject to approval by the Bankruptcy Court. The hearing to approve the Sale and any Successful Bid(s) in respect of the Assets shall take place on **February 1, 2017 at 11:00 a.m.** (the "Sale Hearing") before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 617, located at One Bowling Green, New York, NY 10004.

At the Sale Hearing, the Debtors will seek entry of an order (the "Sale Order") approving, among other things, the Sale of the Assets to the Successful Bidder. The Sale Hearing may be adjourned or rescheduled by the Debtors, after consultation with the Consultation Parties. The Debtors may not consider or support any other bid to purchase Assets that are the subject of a Successful Bid pending consideration by the Bankruptcy Court of the Successful Bid for such Assets at the Sale Hearing.

The Debtors' presentation to the Bankruptcy Court for approval of a selected Qualified Bid as a Successful Bid does not constitute the Debtors' acceptance of such bid. The Debtors will have accepted a Successful Bid only when such Successful Bid has been approved by the Bankruptcy Court at the Sale Hearing. Upon the Court's approval of a Successful Bid, the Debtors will be bound by the terms of that Successful Bid with no further opportunity for an auction or other process.

## OBJECTIONS

The Debtors will serve notices of proposed cure amounts on the counterparties to contracts that may be assumed and assigned as part of a Sale. The deadline to file any objection to the proposed cure amounts (a "Cure Objection"), and /or to object to the ability of the Debtors to assume and assign a particular contract (an "Assignability Objection") is **January 20, 2017 at 5:00 p.m. (prevailing Eastern time).**

Objections to a Sale Transaction (including any objection to the sale of any Assets free and clear of liens, claims, interests, and encumbrances pursuant to Bankruptcy Code section 363(f)) or to any of the relief requested in the Motion (each, a "Sale Objection"), and objections to the proposed adequate assurance of performance provided by a Successful Bidder or Back-Up Bidder (an "Adequate Assurance Objection"), must be filed on or before **January 31, 2017 at 5:00 p.m. (prevailing Eastern time).**

Any Cure Objection, Assignability Objection, Sale Objection or Adequate Assurance Objection must (i) be in writing and specify the nature of such objection; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and all orders of the Bankruptcy Court; (iii) be filed with the Bankruptcy Court and served on the following parties: (i) Scout Media, Inc., 122 West 26th Street, Fifth Floor, New York, NY, Attn.: Craig Amazeen; (ii) proposed

counsel to the Debtors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, DE 19801, Attn: Matthew P. Ward; (iii) proposed counsel to the Official Committee of Unsecured Creditors, Kelley Drye & Warren, LLP, 101 Park Avenue, New York, NY 10178 (Attn.: James S. Carr and Jason R. Adams); and (iv) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Brian Masumoto).

## MODIFICATIONS OF PROCEDURES

The Debtors may, after consulting with the Consultation Parties, modify the rules, procedures, and deadlines set forth herein (including, without limitation, extending the Bid Deadline, modifying the Qualified Bid Requirements, modifying the procedures for conducting the Auction, rescheduling the Auction, or adjourning the Sale Hearing), or adopt new rules, procedures, and deadlines or otherwise modify these Bidding Procedures in order to, in their reasonable discretion, better promote the goals of such procedures, namely, to maximize value for the estates, provided that any material modifications to these procedures shall require the prior approval of the Bankruptcy Court. All modifications and additional rules will be communicated to each of the Notice Parties, Prospective Bidders, and Qualified Bidders.

## NOTICING

### A.    Consultation Parties

Throughout the sale process,  the Debtors and their professionals will evaluate bids and will consult the following parties with respect to such bids: (a) Levy, Small & Lallas and Chipman Brown Cicero & Cole, as counsel to the DIP Lender and (b) proposed counsel to the Official Committee of Unsecured Creditors, Kelley Drye & Warren, LLP, 101 Park Avenue, New York, NY 10178 (Attn.: James S. Carr and Jason R. Adams) (collectively, the "Consultation Parties").

Notwithstanding the foregoing, the Debtors shall not be required to consult with any Consultation Party (or its advisors) that submits a bid or has a bid submitted on its behalf for so long as such bid remains open, including any credit bid, if the Debtors determine, in their reasonable business judgment, that consulting with such Consultation Party regarding any issue, selection, or determination is (a) likely to have a chilling effect on the potential bidding or (b) otherwise contrary to the goal of maximizing value from the sale process for the Debtors' estates, their creditors, and all other parties in interest.

**B.      Bid Notice Parties**

Qualified Bids (as hereinafter defined) must be delivered to the person identified on the front page of these procedures.  The following persons shall receive notice of all bids:  (i) Scout Media, Inc., 122 West 26th Street, Fifth Floor, New York, NY, Attn. Craig Amazeen; (ii) proposed counsel to the Debtors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, DE 19801, Attn: Matthew P. Ward (MaWard@wcsr.com); (iii) the Debtors' financial advisor, Sherwood Partners, Inc., 1801 Century Park East, 25th Floor, Los Angeles, CA 90067, Attn: Andrew De Camara (ad@sherwoodpartners.com); and (iv) proposed counsel to the Official Committee of Unsecured Creditors, Kelley Drye & Warren, LLP, 101 Park Avenue, New York, NY 10178 (Attn.: James S. Carr and Jason R. Adams).

Dated: December  , 2016

> **WOMBLE CARLYLE SANDRIDGE &
> RICE, LLP**
> */s/*
> Matthew P. Ward (DE Bar No. 4471)
> 222 Delaware Avenue, Suite 1501
> Wilmington, DE 19801
> Telephone: (302) 252-4320
> Facsimile: (302) 252-4330
> E-mail: maward@wcsr.com
> *Proposed Counsel to the Debtors-in-Possession*

Exhibit 2

(Assumption and Assignment Notice)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SCOUT MEDIA, INC.,** *et al.*, | **Case No. 16-13369 (MEW)** |
| **Debtors.** | **Jointly Administered** |

**NOTICE OF POSSIBLE ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES IN CONNECTION WITH SALE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      Scout Media, Inc. and Scout.com LLC are debtors-in-possession in chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of New York.  The Court has bidding procedures (the "Bidding Procedures") to be used in connection with the sale (the "Sale" or "Sale Transaction") of the assets of Scout Media, Inc. and Scout.com LLC (the "Assets").  The motion seeking approval of the Sale can be found at docket number 20 on the official docket for these cases.

2.      **The Sale Hearing** will **take place on February 1, 2017 at 11:00 a.m. (prevailing Eastern time)** before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 617, located at One Bowling Green, New York, NY 10004.

3.      In connection with the Sale, the Debtors may seek to assume and assign to one or more Successful Bidders (as defined in the Bidding Procedures) certain Contracts of the Debtors.  Each of the Debtors' Contracts is identified on Schedule 1 attached hereto.  The inclusion of any Contract on Schedule 1 does not constitute an admission that a particular Contract is an executory contract or unexpired lease or require or guarantee that such Contract will be assumed or assigned, and all rights of the Debtors with respect thereto are reserved.

4.      The amount necessary to cure any outstanding monetary defaults then existing under each Contract (the "Cure Costs"), if any, that the Debtors believe are required to be paid to the applicable Counterparty pursuant to Bankruptcy Code sections 365(b)(1)(A) and (B), to the extent that such Contract is ultimately assumed and assigned, is set forth on the Schedule 1.

5.      **Objection Deadlines.**  The Bidding Procedures Order recognizes that there are various kinds of objections that Counterparties may choose to make, and sets deadlines for the filing of such objections as follows:

      A.      **Cure Objections**.  Counterparties who wish to object to the amount of the proposed Cure Costs with respect to a Contract (a "Cure Objection") must do so

no later than **January 20, 2017 at 5:00 p.m. (prevailing Eastern time).**

B.     **Assignability Objections**.  Counterparties who wish to object because they contend that their Contracts are not subject to assumption and assignment (an "Assignability Objection") must do so no later than **January 20, 2017 at 5:00 p.m. (prevailing Eastern time).**

C.     **Adequate Assurance Objections**.  The Debtors will announce a Successful Bidder and may also announce a Back-Up Bidder.  Such determinations will be made no later than January 27, 2017, and Counterparties shall be notified of the identities of the Successful Bidder and Back-Up Bidder.  Counterparties who wish to object to the proposed assignment of a Contract to a Successful Bidder or Back-Up Bidder, on the ground that the Counterparty believes such Successful Bidder and/or Back-Up Bidder has not provided adequate assurance of future performance (an "Adequate Assurance Objection"), must do so no later than **January 31, 2017 at 5:00 p.m. (prevailing Eastern time).**

D.     **Sale Objections**.  Any other objection to the proposed Sale that a Counterparty wishes to make must be served and filed no later than **January 31, 2017 at 5:00 p.m. (prevailing Eastern time).**

E.     **Filing and Service**.  Any Cure Objection, Assignability Objection, Adequate Assurance Objection or Sale Objection must be filed with the Bankruptcy Court and served on the following persons:  (i) Scout Media, Inc., 122 West 26th Street, Fifth Floor, New York, NY, Attn.: Craig Amazeen; (ii) proposed counsel to the Debtors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, DE 19801, Attn: Matthew P. Ward; (iii) proposed counsel to the Official Committee of Unsecured Creditors, Kelley Drye & Warren, LLP, 101 Park Avenue, New York, NY 10178 (Attn.: James S. Carr and Jason R. Adams); and (iv) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Brian Masumoto) (collectively, the "Objection Recipients").

6.     Objections will be resolved at the Sale Hearing; provided, however, that, a Cure Objection may, at the Debtors' discretion, after consulting with the Consultation Parties and the applicable Successful Bidder, be adjourned (an "Adjourned Cure Objection") to a subsequent hearing. An Adjourned Cure Objection maybe resolved after the closing date of the applicable Sale Transaction; provided that, the Debtors maintain a cash reserve equal to the cure amount the objecting Counterparty believes is required to cure the asserted monetary default under the applicable Contract.

Upon resolution of an Adjourned Cure Objection and the payment of the applicable cure amount, if any, the applicable Contract that was the subject of such Adjourned Cure Objection shall be deemed assumed and assigned to the applicable Successful Bidder, as of the closing date of the applicable Sale Transaction.

7. **Failure to file an objection may affect your rights.**

A. If a Counterparty fails to timely file and serve a Cure Objection, the Counterparty will be deemed to have consented to the Cure Costs proposed by the Debtors, and will be barred from challenging those sums.

B. If a Counterparty fails to timely file an Assignability Objection, the Counterparty will be deemed to have agreed that its Contract is capable of being assumed and assigned under Section 365 of the Bankruptcy Code.

C. If a Counterparty fails to timely file an Adequate Assurance Objection, the Counterparty will be deemed to have agreed that the Successful Bidder and/or Back-Up Bidder have provided adequate assurance of future performance in accordance with the requirements of section 365 of the Bankruptcy Code.

D. If a Counterparty fails to file a Sale Objection, the Counterparty will have waived any objection to the Sale.

8. If the Debtors determine that a Counterparty did not receive timely service of this Assumption and Assignment Notice, then the above procedures will nevertheless apply to such Counterparty; provided, however, that the deadline to file a Cure Objection, Assignability Objection, and/or any other objections (other than an Adequate Assurance Objection, discussed below) with respect to such Counterparty shall be 5:00 p.m. (prevailing Eastern Time) on the date that is 14 days following service of the Assumption and Assignment Notice.

9. The inclusion of a Contract or other document or Cure Costs on the Contracts Schedule 1 attached hereto or on any Proposed Assumed Contracts Notice (as defined in the Motion) (collectively, the "Contract Notices") shall not constitute or be deemed a determination or admission by the Debtors, the applicable Successful Bidder(s), or any other party in interest that such Contract or other document is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or that the stated Cure Costs are due (all rights with respect thereto being expressly reserved). The Debtors reserve all of their rights, claims, and causes of action with respect to each Contract or other document listed on the Contract Notices.

10. **The Debtors' inclusion of any Contract on the Contract Notices shall not be a guarantee that such contract ultimately will be assumed or assumed and assigned.** The Contract Notices shall be without prejudice to the Successful Bidder's rights, if any, under the asset purchase agreement, to subsequently exclude Proposed Assumed Contracts from the assumption or assignment prior to the closing of the Sale Transaction.

11. The Debtors' assumption and/or assignment of a Contract is subject to approval by the Bankruptcy Court and consummation of one or more Sale Transactions. Absent consummation of one or more Sale Transactions and entry of a Sale Order approving the assumption and/or assignment of the Contracts, the Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

12. Copies of the Motion, the Bidding Procedures Order, and the Bidding Procedures

may be obtained free of charge by contacting undersigned counsel. Copies of these documents are also available for inspection during regular business hours at the Office of the Clerk of the Bankruptcy Court, located at 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and may be viewed for a fee on the internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

Dated: December  , 2016

> **WOMBLE CARLYLE SANDRIDGE &**
> **RICE, LLP**
> */s/*
> Matthew P. Ward (DE Bar No. 4471)
> 222 Delaware Avenue, Suite 1501
> Wilmington, DE 19801
> Telephone: (302) 252-4320
> Facsimile: (302) 252-4330
> E-mail: maward@wcsr.com
>
> *Proposed Counsel to the Debtors-in-Possession*

Schedule 1

| Counterparty | Counterparty Address | Title/Description of Contract | Cure Cost |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

Exhibit 3

(Sale Notice)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SCOUT MEDIA, INC.,** *et al.*, | **Case No. 16-13369 (MEW)** |
| **Debtors.** | **Jointly Administered** |

**NOTICE OF (A) THE PROPOSED SALE OF THE ASSETS OF SCOUT**
**MEDIA, INC. AND SCOUT.COM LLC FREE AND CLEAR OF**
**ALL LIENS, CLAIMS, AND ENCUMBRANCES; (B) APPROVAL OF**
**CERTAIN BIDDING PROCEDURES RELATED TO SUCH SALE; (C) THE**
**TIME, PLAN, AND MANNER OF CONDUCTING AN AUCTION; (D) THE**
**TIME AND PLACE OF CONDUCTING THE SALE HEARING; AND**
**(E) OBJECTION AND OTHER DEADLINES RELATED THERETO**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    Scout Media, Inc. and Scout.com LLC are debtors-in-possession in chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of New York.  The Court has bidding procedures (the "Bidding Procedures") to be used in connection with the sale (the "Sale" or "Sale Transaction") of the assets of Scout Media, Inc. and Scout.com LLC (the "Assets").  The motion seeking approval of the Sale can be found at docket number 20 on the official docket for these cases.

2.    Pursuant to the Bidding Procedures, any person or entity interested in participating in the Auction must submit a Qualified Bid (as defined in the Bidding Procedures) for the relevant Assets on or before **January 25, 2017 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline").  Any person or entity interested in making a bid should contact one or more of the following persons to obtain copies of the Bid Procedures and related requirements:

Sherwood Partners, Inc.               Womble Carlyle Sandridge & Rice, LLP
Attn. Andrew De Camara                      Attn. Matthew P. Ward
1100 La Avenida Street, Building A          222 Delaware Avenue, Suite 1501
Mountain View, CA 94043                     Wilmington, DE 19801
E-mail: ad@sherwoodpartners.com            E-mail: MaWard@wcsr.com

3.    If the Debtors receive more than one timely Qualified Bid for the Assets with an acceptable purchase price by the Bid Deadline, the Debtors will conduct an Auction. The Auction, if required, will be conducted at the offices of Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, Delaware 19801 **on January 27, 2017 at 10:00 a.m. (Prevailing Eastern Time),** or at such other time and location as designated by the

Debtors.

4.     Notices with be sent to contract counterparties whose contracts may be assumed and assigned in connection with a Sale.  **If you are a contract counterparty and do not receive such a notice, you should contact the undersigned attorneys for further information.**

5,     The Court has established deadlines for various objections that parties may assert in connection with the proposed Sale and in connection with the potential assumption and assignment of contracts.

A.     **Cure Objections**.  Counterparties who wish to object to the amount of the proposed Cure Costs with respect to a Contract (a "Cure Objection") must do so no later than **January 20, 2017 at 5:00 p.m. (prevailing Eastern time).**

B.     **Assignability Objections**.  Counterparties who wish to object because they contend that their Contracts are not subject to assumption and assignment (an "Assignability Objection") must do so no later than **January 20, 2017 at 5:00 p.m. (prevailing Eastern time).**

C.     **Adequate Assurance Objections**.  The Debtors will announce a Successful Bidder and may also announce a Back-Up Bidder.  Such determinations will be made no later than January 27, 2017, and Counterparties shall be notified of the identities of the Successful Bidder and Back-Up Bidder.  Counterparties who wish to object to the proposed assignment of a Contract to a Successful Bidder or Back-Up Bidder, on the ground that the Counterparty believes such Successful Bidder and/or Back-Up Bidder has not provided adequate assurance of future performance (an "Adequate Assurance Objection"), must do so no later than **January 31, 2017 at 5:00 p.m. (prevailing Eastern time).**

D.     **Sale Objections**.  Any other objection to the proposed Sale that a Counterparty wishes to make must be served and filed no later than **January 31, 2017 at 5:00 p.m. (prevailing Eastern time).**

E.     **Filing and Service**.  Any Cure Objection, Assignability Objection, Adequate Assurance Objection or Sale Objection must be filed with the Bankruptcy Court and served on the following persons:  (i) Scout Media, Inc., 122 West 26th Street, Fifth Floor, New York, NY, Attn.: Craig Amazeen; (ii) proposed counsel to the Debtors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, DE 19801, Attn: Matthew P. Ward; (iii) proposed counsel to the Official Committee of Unsecured Creditors, Kelley Drye & Warren, LLP, 101 Park Avenue, New York, NY 10178 (Attn.: James S. Carr and Jason R. Adams); and (iv) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Brian Masumoto) (collectively, the "Objection Recipients").

6.      **Failure to file an objection may affect your rights.**

A.      If a Contract Counterparty fails to timely file and serve a Cure Objection, the Counterparty will be deemed to have consented to the Cure Costs proposed by the Debtors, and will be barred from challenging those sums.

B.      If a Contract Counterparty fails to timely file an Assignability Objection, the Counterparty will be deemed to have agreed that its Contract is capable of being assumed and assigned under Section 365 of the Bankruptcy Code.

C.      If a Contract Counterparty fails to timely file an Adequate Assurance Objection, the Counterparty will be deemed to have agreed that the Successful Bidder and/or Back-Up Bidder have provided adequate assurance of future performance in accordance with the requirements of section 365 of the Bankruptcy Code.

D.      If any party fails to file a Sale Objection, that party will have waived any objection to the Sale.

7.      All Sale Objections not otherwise resolved by the parties prior thereto shall be heard at the Sale Hearing; provided, however, that, a Cure Objection may, at the Debtors' discretion, after consulting with the Consultation Parties and the applicable Successful Bidder, be adjourned (an "Adjourned Cure Objection") to a subsequent hearing. An Adjourned Cure Objection maybe resolved after the closing date of the applicable Sale Transaction; provided that, the Debtors maintain a cash reserve equal to the cure amount the objecting Counterparty believes is required to cure the asserted monetary default under the applicable Contract.

Upon resolution of an Adjourned Cure Objection and the payment of the applicable cure amount, if any, the applicable Contract that was the subject of such Adjourned Cure Objection shall be deemed assumed and assigned to the applicable Successful Bidder, as of the closing date of the applicable Sale Transaction.

8.      The Sale Hearing will take place on **February 1, 2017 at 11:00 a.m. (prevailing Eastern Time),** before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 617, located at One Bowling Green, New York, NY 10004.

9.      The Debtors' presentation to the Bankruptcy Court for approval of a Successful Bid does not constitute the Debtors' acceptance of such bid. The Debtors will have accepted the terms of a Successful Bid only when such bid has been approved by the Bankruptcy Court pursuant to a Sale Order.

10.      Parties interested in receiving additional information, including, with regard to the Sale, the Assets, the Auction or the Bidding Procedures may make requests to the Debtors' financial advisor, Sherwood Partners, Inc. (Attn: Andrew De Camara) (ad@sherwoodpartners.com).

11.      Copies of the Motion, the Bidding Procedures Order, and the Bidding Procedures may be obtained free of charge by contacting undersigned counsel. Copies of these documents

are also available for inspection during regular business hours at the Office of the Clerk of the Bankruptcy Court, located at 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and may be viewed for a fee on the internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

Dated: December  , 2016

**WOMBLE CARLYLE SANDRIDGE &
RICE, LLP**
*/s/*
Matthew P. Ward (DE Bar No. 4471)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: maward@wcsr.com

*Proposed Counsel to the Debtors-in-Possession*