UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Scout Media, Inc., et al.,[1] | Case No. 16-13369-MEW |
| Debtors. | Jointly Administered |

# FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Scout Media, Inc., and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of interim and final orders (a) authorizing, but not directing, the Debtors to pay Critical Vendor Claims in an amount not to exceed the applicable Critical Vendor Cap absent further order of the Court; (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and upon the Supplemental Declaration of Craig Amazeen; and the Court having entered orders approving the Motion on an interim basis [ECF Nos. 45 & 78] (the "Interim Orders"); and the Court having found that the Court has jurisdiction over this matter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number are: Scout Media, Inc. (1438); Scout Media Holdings, Inc. (1936); FTFS Acquisition, LLC (7230); and Scout.com, LLC (3629). The location of the Debtors' headquarters and the Debtors' service address is 122 West 26th Street, Fifth Floor, New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims of production services, analysis of network traffic services, server leases, IT support, production, Microsoft Office license renewal, digital advertising, backup services, software support, web engineering, and content publishers; provided, that, such payments shall not exceed, in the aggregate, an additional $220,000 to the amounts previously authorized pursuant to the Interim Orders (the "Critical Vendor Cap"), unless otherwise ordered by the Court after a

notice and a hearing. Together with the amounts previously authorized pursuant to the Interim Orders, the aggregate cap on critical vendor payments totals $1,195,000.

3. The Debtors shall not pay any prepetition Critical Vendor Claim prior to such claim becoming due and payable.

4. Any Critical Vendor that accepts any payments made by the Debtors pursuant to this Final Order on account of its Critical Vendor Claim, in return for the payment thereof, shall be deemed to have waived and released (i) any objection to the assignability of their respective contract pursuant to Bankruptcy Code section 365 (provided, however, that objections with respect to cure amounts and adequate assurance as further set forth in Bankruptcy Code section 365 shall not be deemed waived hereunder), and (ii) any previously asserted lien on the assets of the Debtors and their estates on account of such Critical Vendor Claim. The Debtors shall provide notice of this Final Order, and, unless a cover letter has already been provided, the Final Order will be accompanied by a cover letter drawing the Critical Vendor's attention to this paragraph and the waiver of objections to assignability, with the first payment to be made to such Critical Vendor hereunder.

5. The Debtors are authorized, but not directed, in their sole discretion, to pay the Critical Vendor Claims, in whole or in part, upon such terms and in the manner provided in this Final Order; provided that, if any Critical Vendor accepts payment hereunder and does not continue supplying services to the Debtors in accordance with the terms of its prepetition agreement, then: (a) the Debtors may then take any and all appropriate steps to cause such Critical Vendor to repay

payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

6. The Debtors shall provide the Official Committee of Unsecured Creditors (the "Committee") with five (5) business days' notice of any proposed payments to Critical Vendors under this order.

7. The Debtors shall continue to provide the Committee with access on a confidential basis to the Debtors' books and records with respect to the Critical Vendors. Additionally, the Debtors and their professionals shall continue to timely respond to inquiries by the Committee's professionals regarding the payments to be made to Critical Vendors hereunder.

8. Nothing herein shall have any bearing on whether any pre-existing contract is an executory contract under section 365 of the Bankruptcy Code.

9. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor. The Debtors do not concede that any claims satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection or seek the avoidance of all such liens or the priority of such claims.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

12. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund

transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Critical Vendor Claims.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Final Order.

14. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

15. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Final Order.

Dated: January 18, 2017       **s/Michael E. Wiles**
      New York, New York       The Honorable Michael E. Wiles
                                          United States Bankruptcy Court Judge