UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

In re:                                    Chapter 11

SCOUT MEDIA, INC., et al.,[1]             Case No.: 16-13369 (MEW)

Debtors.                                  (Jointly Administered)

------------------------------------------------------x

## JOINT *EX PARTE* MOTION FOR AN ORDER AUTHORIZING THE MOVANTS TO FILE UNDER SEAL AN UNREDACTED VERSION OF THE INSURANCE POLICY AND GRANTING RELATED RELIEF

Tammer and Jane Doe Fahmy, Howard and Jane Doe Lipson, Ross and Jane Doe Lukatsevich, Craig and Jane Doe Mallitz, Paul and Jane Doe McNichol, Joe and Jane Doe Robinson, Andrew and Jane Doe Russell, Mayo and Jane Doe Stuntz, Doug and Jane Doe Smith, and Mark and Jane Doe Stieglitz (together, the "Movants"), by and through their respective counsel, respectfully submit this motion (the "Motion to Seal") seeking entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Movants to file an unredacted copy of the National Union PrivateEdge Plus Policy No. 02-933-29-12 (the "Policy," a redacted copy of which is attached to the proposed order as **Exhibit 1**) issued by National Union Fire Insurance Company of Pittsburgh, Pa. (the "Insurer") under seal in connection with adjudication of the *Joint Motion Pursuant to 11 U.S.C. § 362(d)(1) To Lift The Automatic Stay To Permit Advancement Or Payment Of Amounts Payable Under Insurance Policy* (the "Lift Stay Motion") filed on October 25, 2017 [Doc. No. 368].

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number are: Scout Media, Inc. (1438); Scout Media Holdings, Inc. (1936); FTFS Acquisition, LLC (7230); and Scout.com, LLC (3629) (each, a "Debtor" and collectively, the "Debtors"). The location of the Debtors' headquarters and service address is 122 West 26th Street, Fifth Floor, New York, New York 10036.

152231497 v4

## JURISDICTION

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

3. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BASIS FOR RELIEF

4. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

5. Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .

11 U.S.C. § 107(b).

6. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential

2

research, development, or commercial information....

Fed. R. Bankr. P. 9018.

7. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994). For example, in *In re Brahmacom, Inc.*, No. 04-15243-RS, 2005 WL 3240584, *1 (Bankr. D. Mass. June 30, 2005), the court held that the debtor's settlement with its largest creditor "constitutes confidential commercial information under Section 107" (granting motion to file under seal settlement stipulation). *Cf. In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt. 2003) (when request to file under seal is "aimed at protecting a third party" both sections 105 and 107 of the Bankruptcy Code are implicated).

8. The Court's order denying the previous motion to seal the Policy in its entirety [Doc. No. 369] indicated that the "assertions . . . as to the alleged confidentiality of the policy terms [were] vague and deficient and fail[ed] to meet the movants' burden under the Bankruptcy Code" [Doc. No. 372]. Accordingly, the Movants have reconsidered the scope of the requested relief and respectfully submit that the limited redacted details of the Policy (the "<u>Policy Premiums and Deductibles</u>") fall squarely within the scope of commercial information that should, and is intended to, be protected under sections 105 and 107(b)(1) of the Bankruptcy Code.

9. The Policy Premiums and Deductibles are sensitive, confidential, commercial information of the Debtors, the Movants (as Individual Insureds[2] under the Policy), and the Insurer. If publicly disclosed, the Policy Premiums and Deductibles would be valuable to the Insurer's competitors and other issuers of similar insurance policies, which could use the Policy Premiums and Deductibles to gain a competitive advantage against the Insurer.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Lift Stay Motion.

3

152231497 v4

10. Maintaining the confidentiality of the Policy Premiums and Deductibles will not prejudice any other parties in interest. The redactions have been made surgically and are extremely limited. The premiums and deductibles, which are the product of arm's length negotiations between the Debtors and the Insurer, are not relevant to the relief sought in the Lift Stay Motion.

11. The Movants and Insurer have provided a copy of the Lift Stay Motion and the unredacted Policy to the Trustee prior to filing the Motion to Seal so that he might evaluate the implications of the relief sought herein, without unfairly prejudicing the Debtors, the Movants, or the Insurer.

12. Accordingly, by this Motion to Seal, the Movants respectfully request that the Court enter an order authorizing the Movants to file an unredacted copy of the Policy under seal in accordance with Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, and directing that such filing remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the order approving this Motion to Seal. The Movants request that the Clerk of the Court treat the Policy Premiums and Deductibles held under seal as confidential.

## MOTION PRACTICE

13. This Motion to Seal includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion. Accordingly, the Movants submit that this motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules.

152231497 v4

WHEREFORE, the Movants respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Movants to file under seal an unredacted copy of the Policy and granting such other and further relief as is just and proper.

Dated: November 7, 2017

**COOLEY LLP**
*/s/ Eric Haber*
Eric Haber
Summer M. McKee
1114 Avenue of the Americas, 47th Floor
New York, NY 10036
Telephone: (212) 479-6144
Facsimile: (212) 479-6275
E-mail: ehaber@cooley.com
E-mail: smckee@cooley.com

*Counsel to the Movants Tammer and Jane Doe Fahmy, Howard and Jane Doe Lipson, Ross and Jane Doe Lukatsevich, Craig and Jane Doe Mallitz, Paul and Jane Doe McNichol, Joe and Jane Doe Robinson, Andrew and Jane Doe Russell, and Mayo and Jane Doe Stuntz*

**DLA PIPER LLP (US)**
*/s/ Rachel Ehrlich Albanese*
Rachel Ehrlich Albanese
Andrew R. Escobar
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
E-mail: rachel.albanese@dlapiper.com
E-mail: andrew.escobar@dlapiper.com

*Counsel to the Movants Doug and Jane Doe Smith, and Mark and Jane Doe Stieglitz*