GOTTLIEB & JANEY LLP
111 Broadway, Suite 701
New York, New York 10006
(212) 566-7766 (telephone)
(212) 374-1506 (fax)
Derrelle M. Janey, Esq.
*Proposed Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

SCOUT MEDIA, INC. *et al*,[1]                                                     Chapter 7 (Converted)

                                                                                  Case No. 16-13369-MEW
                                   Debtors.
-----------------------------------------------------------------X

## AMENDED APPLICATION OF CHAPTER 7 TRUSTEE
## TO RETAIN GOTTLIEB & JANEY LLP AS SUBSTITUTE COUNSEL

**TO    THE HONORABLE MICHAEL E. WILES
       UNITED STATES BANKRUPTCY JUDGE:**

Upon the amended application (the "Application") of Ian J. Gazes, chapter 7 trustee (the "Trustee") of the jointly administered estates of Scout Media Holdings, Inc. ("SMHI"), Scout Media, Inc ("SMI"), FTFS Acquisition, LLC ("FTFS"), and Scout.com, LLC. ("Scout" and collectively with SMHI, SMI, and FTFS the "Debtors") for an order, substantially in the form attached as Exhibit "A", authorizing the Trustee to retain Gottlieb & Janey LLP (the "Firm") as substitute counsel to the Trustee, effective as of August 6, 2018, the Trustee respectfully states as follows:

---

[1] The Debtors in these jointly administered cases are: Scout Media Holdings, Inc.; Scout Media, Inc.; FTFS Acquisition, LLC; and Scout.com, LLC.

1

## I. JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF

1. This Court has jurisdiction over this matter under sections 157(a), (b)(1) of title 28 of the United States Code, 28 U.S.C. §§ 157(a), (b)(1), and 1334(b), and the Amended Stating Order of Reference of the United States District Court for the Southern District of New York. Consideration of this Application is a core proceeding under section 157(b)(2)(A) of title 28 of the United States Code. *See* 28 U.S.C. §§ 157(b)(2)(A).

2. Venue of this case in this district is proper under section 1408 of title 28 of the United States Code. *See* 28 U.S.C. § 1408.

3. The statutory provisions governing the relief requested in this Application are sections 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

## II. BACKGROUND

4. On December 1, 2016, LSC Communications, Inc., f/d/b/a R.R. Donnelley & Sons Co., On Safari Foods, and Imatch Services, LLC, filed an involuntary petition against SMI.

5. On December 9, 2016, SMHI, FTFS and Scout filed petitions for relief under chapter 11 of the Bankruptcy Code.

6. On December 12, 2016, the Court entered an order directing the joint administration of the Debtors' chapter 11 cases [Doc. No. 33].

7. On July 14, 2017, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 [Doc. No. 351].

8.  On August 2, 2017, the Office of the United States Trustee appointed the Trustee to serve as interim trustee [Doc. No. 357]. The Trustee has duly qualified and now serves as the permanent trustee pursuant to section 702(d) of the Bankruptcy Code.

9.  Upon information and belief, the Debtors' pre-petition business centered on the operation of a digital sports media network.

10. By order October 3, 2017, the Court authorized the Trustee to retain Gazes LLC ("Gazes") as his attorneys *nunc pro tunc* to August 9, 2017 [Doc. No. 364].

### III. RELIEF SOUGHT

11. Applicant seeks a court order, substantially in the form attached here as Exhibit "A", authorizing the Trustee to retain the Firm as his substitute counsel effective as of August 6, 2018 pursuant to sections 327(a) of the Bankruptcy Code. 11 U.S.C. §§ 327(a).

12. A trustee may, with the court's approval, employ one or more attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

13. Applicant believes that the Firm is qualified to act as counsel to the Trustee in connection with all legal matters concerning the Debtor's estate. The Firm is comprised of attorneys who are duly admitted to practice law before the bar of this Court. Among other competencies, the Firm has substantial experience appearing before the Bankruptcy Court for the Southern District of New York on a range of bankruptcy issues, particularly over the past 5 years. Moreover, the Firm has recently hired a person who has specifically worked as a bankruptcy attorney for the Trustee's own law firm, Gazes LLC, for nearly 8 years and who is personally familiar with facts and legal issues relevant to the Debtors' cases. Its attorneys possess experience

in the bankruptcy arena. The Firm represents and has represented chapter 7 trustees, as well as debtors in chapter 11 cases. Such matters included instances where the Firm has represented chapter 7 trustees in matters that have proceeded to trial in both Bankruptcy Court and in state court proceedings.

14. The Trustee will need the assistance of counsel to analyze the Debtors' financial affairs, prosecute any chapter 5 avoidance actions, determine what assets if any are available for liquidation to fund a distribution to creditors, and assist the Trustee in determining whether to retain additional professionals such as accountants and custodians.

15. To the best of the Trustee's knowledge and except as set forth herein, the Firm and the employees of the Firm do not hold or represent any interest adverse to the Debtors' estates and creditors by reason of the retention sought herein and have no connection with the Debtors, their creditors or any other parties in interest or their respective attorneys in this matter. With Court approval, the Trustee has retained the Firm in several other chapter 7 cases. An affirmation (the "Affirmation") of disinterest executed by Derrelle M. Janey, a partner at Gottlieb & Janey LLP, is annexed hereto as Exhibit "B".

16. Based on the above, Applicant believes that the Firm is a "disinterested person", within the meaning of section 101(14) of the Bankruptcy Code. 11 U.S.C. § 101(14).

17. The Firm will charge for services rendered to the Trustee at the Firm's standard hourly rates plus expenses, <u>provided, however</u>, that travel time shall be billed at one half the hour rates. The Firm will make application for payment of legal fees and reimbursement of expenses as set forth herein pursuant to the terms and provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and United States Trustee Guidelines pertaining to the payment of retained professionals. The Firm will maintain detailed

records describing the services rendered on behalf of the Trustee. Currently the Firm's hourly fees are as follows:

| | |
|---|---|
| Partners | $850.00 per hour |
| Counsel | $650 per hour |
| Associates | $550 to $450 per hour |
| Paraprofessional Staff | $200.00 per hour |

The Firm agrees to advise the United States Trustee and the Court by letter if the Firm's hourly fees increase, which traditionally occurs every year.

18. No previous application for the relief sought herein has been made to this or any other court.

19. Therefore, Applicant respectfully submits that (i) the Firm is qualified to act as counsel under section 327(a) of the Bankruptcy Code, 11 U.S.C. § 327(a) (d), (ii) such retention is in the best interest of the Debtors' estates, (iii) the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, 11 U.S.C. §101(14), and (iv) the Firm does not hold or represent an interest adverse to the Debtors' estates.

## IV. **NOTICE**

20. A request for entry of an order approving a trustee's employment of a professional under section 327 of the Bankruptcy Code may be made by filing an ex parte application with a copy transmitted to the United States Trustee. 11 U.S.C. § 327; Fed. R. Bankr. P. 2014(a); 9 Collier on Bankruptcy (15th Ed. 2001), ¶ 2014.02 at 1. Neither notice to the debtor or a hearing on the application is required. *See* 9 Collier on Bankruptcy, ¶ 2014.02 at 1, at n.4 (citing *In re Arochem Corp.*, 181 B.R. 693, 696 (Bankr. D. Ct. 1995)).

21. The Trustee has provided advance notice of this Application to the Office of the United States Trustee. Because of the nature of the relief requested, the Trustee respectfully submits that no hearing is required, and no further notice of the relief requested in this Application need be given.

**WHEREFORE**, Trustee respectfully requests entry of an order of this Court authorizing the Trustee to retain the Firm as counsel under a general retainer, effective as of August 6, 2018, and for such other and different relief as this Court may deem just and proper.

Dated: New York, New York
July 30, 2018

                                GAZES LLC

                                By: /s/ Ian J. Gazes
                                      Ian J. Gazes
                                151 Hudson Street
                                New York, New York 10013
                                (212) 765-9000

                                *Chapter 7 Trustee*