Gottlieb & Janey LLP
111 Broadway, Suite 701
New York, NY 10006
(212) 566-7766
(212) 374-1506
Derrelle M. Janey (djaney@gottliebjaney.com)

*Proposed* Counsel for the Chapter 7
Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re:                                                     :
                                                           :    Involuntary Chapter 7
SCOUT MEDIA, INC. *et al*,[1]                              :
                                                           :    Case No. 16-13369-MEW
                                              Debtors.     :
---------------------------------------------------------- X

**AFFIRMATION BY DERRELLE M. JANEY IN SUPPORT OF THE
APPLICATION BY IAN GAZES, ESQ., CHAPTER 7 TRUSTEE, TO RETAIN
GOTTLIEB & JANEY LLP AS SUBSTITUTE COUNSEL, PURSUANT
TO SECTION 327(a) OF THE BANKRUPTCY CODE**

Derrelle M. Janey hereby declares under penalty of perjury:

1. I am a partner at Gottlieb & Janey LLP ("Gottlieb & Janey" or the "Firm"), a boutique litigation law firm founded 35 years ago and currently comprised of 7 attorneys. While the Firm has historically focused its litigation resources on matters pertaining to complex civil litigation, white collar defense, internal investigations and criminal defense, since 2012 the Firm has increasingly been involved in complex bankruptcy litigation matters as well as the representation of chapter 7 and chapter 11 trustees in both state and federal court. The Firm maintains an office for the practice of law at 111 Broadway, Suite 701, New York, New York 10006.

---

[1] The Debtors in these jointly administered cases are: Scout Media Holdings, Inc.; Scout Media, Inc.; FTFS Acquisition, LLC; and Scout.com, LLC.

2. I am fully familiar with the facts set forth below. I submit this affirmation in support of the Application of Ian Gazes, Esq., Chapter 7 Trustee of Scout Media, Inc., *et al* (the "Debtors") for an order authorizing the employment and retention of Gottlieb & Janey as counsel to the Trustee for any and all such other matters the Trustee requests the Firm to administer, pursuant to § 327(a) of the Bankruptcy Code, Bankruptcy Rule 2013 and Local Bankruptcy Rule 2014-1.

3. I am the practice leader for the Gottlieb & Janey Litigation, Securities and Regulatory practice, which includes the Firm's bankruptcy program. (My department is responsible for all non-criminal defense related matters.) I have extensive litigation experience, including experience appearing before the United States Bankruptcy Court for the Southern District of New York. I am the attorney who will bear the primary responsibility for the representation of the Trustee.

4. Recent illustrative representations where I have been involved, on behalf of Gottlieb & Janey, that might be relevant for the Trustee here: *Ian J. Gazes, as Chapter 7 Trustee for Debtor WJB Capital Group, Inc. v. Mark Skolnick, et al.*, Chapter 7 Case No. 12-11831, Adv. Pro. No. 15-01298 (SCC) (an action alleging, *inter alia*, aiding and abetting criminal fraud and legal malpractice); *Ian J. Gazes, as Chapter 7 Trustee for Debtor WJB Capital Group, Inc. v. Craig A. Rothfeld, et al.,* Chapter 7 Case No. 12-11831, Adv. Pro. No. 15-01350 (SCC) (a proceeding against former officers of a broker-dealer alleging breach of fiduciary duty where they were charged by the New York County District Attorney's Office with embezzlement, among other crimes); *Direct Access Partners, LLC v. Benito Chinea*, 13 Civ. 7824 (LLS) (S.D.N.Y.) (a matter alleging theft of corporate records under the Computer Fraud and Abuse Act); *In the Matter of Arbitration Between Direct Access Partners, LLC v. Benito Chinea, James Craig, Joseph E. Flores De Meneses, and Brian Pfeffer*, FINRA Dispute Resolution Arbitration No. 14-009090 (a

matter alleging, *inter alia*, common law fraud and faithless servant); *Yann Geron as chapter 7 trustee for the estate of Direct Access Partners v. James Craig et al.*, Adv. Pro. No. 16-AP-01058 (MEW) (a matter alleging, *inter alia*, fraudulent conveyance under the Bankruptcy Code and NY DCL); and *Direct Access Partners, LLC v. Rothstein Kass*, Docket No. ESX-L-2107-14 (Superior Court of New Jersey) (a matter prosecuted by the debtor allegedly accounting malpractice, among other things, against the debtor's former accountant).

5. In addition to the WJB Capital Group, Inc. matter referenced above in paragraph 4, the Firm has also been retained by the Trustee in the following matters: *In re Phoenix Partners Management LLC*, 15-10926 (CGM) and *In re Avaago, Inc.*, 17-12926 (MKV).

6. Further, I have broad experience in highly complex, national-scope litigation, including the following illustrative representations: *Abbott Laboratories, et al. v. Adelphia Supply USA et al*, 15 Civ. 05826 (EDNY) (CBA)(LB) (a trade mark infringement action alleging, *inter alia*, infringement, fraud and RICO violations where I represent 5 defendants and successfully defeated the plaintiff's RICO claims on a motion to dismiss); *John Cottam v. Global Emerging Capital Group, LLC et al.*, 16-cv-04584 (SDNY) (RS) (a securities litigation matter alleging breach of contract and fraud); and *In re Loestrin 24 FE Antitrust Litigation*, 18-mc-22581 (SDFL) (CMA) (a class action antitrust matter).

7. I believe that Gottlieb & Janey is well qualified to represent the Trustee as counsel. For example, in addition to my experience, the Firm has recently hired a bankruptcy attorney, David Dinoso, Esq., that has some 8 years of experience as a bankruptcy professional representing the Trustee, including in this case, and is admitted to appear before this Court and has consistently appeared before this Court over those years.

8. To the best of my knowledge, the partners, counsel and associates of Gottlieb & Janey (a) do not have any connection with the Debtors or their affiliates, its creditors or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the same, or any judge in the Bankruptcy Court or the United States District Court for the Southern District of New York or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14); and (c) do not hold or represent any interest adverse to the estate.

9. No agreement or understanding exists between the Trustee, the Firm and/or any other person for a division of compensation to be paid for services rendered in these proceedings, and, in accordance with Fed. R. Bankr. P. 2016, no division of compensation shall be made by me or the Firm and no agreement prohibited by 18 U.S.C. §155 has been or will be made.

10. Gottlieb & Janey's conflict check system (the "Conflict Check System") is a computerized database of current and former clients and adverse and related parties that is regularly maintained and updated in the course of the Firm's business. The Conflict Check System includes an electronic review of every client record in the Firm, including billing records, attorney calendar information and time sheets. These procedures are designed to include every matter on which the Firm is now or has been engaged, by which entity the Firm is now or has been engaged, and, in each instance, to include and record the identity of related parties and adverse parties and the attorney in the Firm that is knowledgeable about the matter. It is Gottlieb & Janey's policy that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated

for every new matter undertaken by Gottlieb & Janey. The scope of the system is a function of the completeness and accuracy of the information submitted by the persons whose regular duties include opening a new matter under the supervision of a senior attorney of the Firm. As a Partner of the Firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Gottlieb & Janey and in my practice of law.

11. As of the date of this Declaration, I am not aware of the existence of any claims, or potential claims, against any of the interested parties. Accordingly, the Firm has not obtained conflict waivers from any creditors of the Debtors or other interested parties that the Firm currently represents on matters unrelated to the Debtors or the chapter 7 case.

12. Gottlieb & Janey will file supplemental declarations regarding this retention if any additional relevant information comes to its attention. Additionally, as a matter of retention and disclosure policy, Gottlieb & Janey will periodically review its past and present relationships with entities or persons materially participating in this case from time to time and will file a supplemental disclosure affidavit, if warranted.

13. I have read and am generally familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and the chambers rules for the presiding judge.

14. I believe that the Firm and its attorneys are competent to represent the interests of the Trustee on whose behalf representation is now sought.

[Intentionally left blank]

Dated: New York, New York
      July 30, 2018

                                                                        _/s/ *Derrelle M. Janey*_
                                                                        Derrelle M. Janey