# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                       :
                                                             : Involuntary Chapter 7
SCOUT MEDIA, INC. *et al*,[1]                                :
                                                             : Case No. 16-13369-MEW
                                          Debtors.           :
------------------------------------------------------------ x

### SETTLEMENT AGREEMENT BETWEEN
### THE CHAPTER 7 TRUSTEE AND ZINCORA LLC

This settlement agreement (the "Agreement") is entered into by and between Ian J. Gazes, solely in his capacity as the chapter 7 trustee (the "Trustee") of the estate of Scout Media, Inc. ("SMI"), and Zincora LLC ("Zincora" and with the Trustee, the "Parties").

### RECITALS

**WHEREAS**, on December 1, 2016 (the "Petition Date"), certain petitioning creditors commenced an involuntary bankruptcy case by filing an involuntary petition against SMI (as amended, the "Involuntary Petition") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

**WHEREAS**, on December 8, 2016, SMI responded to the Involuntary Petition by filing its own voluntary petition for relief under chapter 11 of the Bankruptcy Code;

**WHEREAS**, on July 14, 2017, the Bankruptcy Court entered an order converting SMI's chapter 11 case to a case under chapter 7 of the Bankruptcy Code;

**WHEREAS**, the United States Trustee appointed the Trustee to serve as interim trustee;

**WHEREAS**, the Trustee has duly qualified and now serves as the permanent trustee pursuant to section 702(d) of the Bankruptcy Code;

---

[1] The Debtors in these jointly administered cases are: Scout Media Holdings, Inc.; Scout Media, Inc.; FTFS Acquisition, LLC; and Scout.com, LLC. The Debtors' respective cases have not been substantively consolidated.

**WHEREAS**, the Trustee's review of SMI's books and records indicates that SMI allegedly made nine (9) wire transfers to Zincora in the aggregate amount of $262,854.00 in the ninety (90) day period preceding the Petition Date (the "Pre-Petition Transfers");

**WHEREAS**, the Trustee's review of SMI's books and records further indicates that on December 8, 2016, SMI allegedly made an additional wire transfer of $45,188.00 to Zincora (the "Post-Petition Transfer" and with the Pre-Petition Transfers, the "Transfers");

**WHEREAS**, the Trustee has made demand on Zincora for the return of the Transfers to SMI's estate pursuant to sections 547, 549 and 550 of the Bankruptcy Code (the "Trustee's Demand");

**WHEREAS**, Zincora has asserted various defenses in response to the Trustee's Demand;

**WHEREAS**, with respect to the Pre-Petition Transfers, Zincora has asserted, among other things, that the ordinary course of business defense under section 547(c)(2) of the Bankruptcy Code bars the Trustee from recovering any of the Pre-Petition Transfers;

**WHEREAS**, with respect to the Post-Petition Transfer, Zincora has asserted, among other things, that the Post-Petition Transfer was authorized pursuant to various orders of the Court which permitted SMI to pay certain pre-petition "critical vendor" claims;

**WHEREAS**, the Parties have engaged in extensive, good faith negotiations, including the exchange of informal discovery, with respect to the Trustee's Demand and Zincora's potential defenses;

**WHEREAS**, based on the Parties' settlement discussions and exchange of informal discovery, the Trustee believes that while Zincora may have substantial if not complete affirmative defenses to the avoidance and recovery of the Pre-Petition Transfers, the Trustee also

2

believes that he would likely prevail at trial on his claim for avoidance and recovery of the Post-Petition Transfer;

**WHEREAS**, without admitting any fault or liability, the Parties wish to settle all disputes between them including, without limitation, the Trustee's Demand, based on the terms set forth herein, in order to avoid the time, expense and inconvenience of litigation.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES THAT:**

1. **Settlement Amount**. Subject to the other terms and conditions set forth herein, Zincora agrees to pay to the Trustee and the Trustee agrees to accept the sum of $22,500.00 (the "Settlement Amount") in full and final settlement of the claims asserted in the Trustee's Demand. Zincora shall pay the Settlement Amount by check payable to "Scout Media, Inc., Ian J. Gazes Trustee" and delivered to

> Gottlieb & Janey LLP
> Attn: Derrelle M. Janey, Esq.
> 111 Broadway, Suite 701
> New York, NY 10006

so as to be received in hand no later than seven (7) business days after the entry of an Approval Order (as defined herein).

2. **Bankruptcy Court Approval**.

(a) Within fourteen (14) days of the Parties' full execution of this Agreement, the Trustee shall file and serve a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the entry of an order approving this Agreement ("Approval Order").

(b) Excepts as expressly set forth herein, the Parties' obligations and performance under this Agreement shall not arise until the entry of an Approval Order.

(c) If the Bankruptcy Court does not enter an Approval Order, (a) the Agreement shall be deemed null and void; (b) neither of the Parties to the Agreement shall be deemed to have waived any right or to have settled any controversy between the Parties that existed before the execution of the Agreement; (c) each of the Parties shall be restored to their respective *status quo ante* positions immediately before execution of this Agreement; (d) neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement, shall be (i) deemed to be or construed as an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, or (ii) referred to or used in any manner or for any purpose in any subsequent proceeding or in any other action in any court or in any other proceeding; and (e) all negotiations, proceedings, and statements made in connection with the negotiation of this Agreement (i) shall be without prejudice to any person or party herein, (ii) shall not be deemed as or construed to be an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, and (iii) shall not be offered in evidence in this or any other action or proceeding, except in connection with the enforcement of the terms of this Agreement.

3. **Tolling Effect of Agreement**. If the Bankruptcy Court does not enter an Approval Order as set forth in paragraph "2" above, the Trustee shall have seven (7) days from the entry of the Court's order denying approval of this Agreement, notwithstanding any applicable statute of limitations, to commence an adversary proceeding seeking to avoid and recover the Transfers.

4. **Releases**. Upon the Trustee's receipt and clearance of the Settlement Amount, SMI, SMI's estate, and the Trustee on the one hand, and Zincora on the other, will be deemed to

have released each other and their respective predecessors in interest, successors in interest, affiliates, agents, assigns, officers and directors of any and all obligations, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered arising under the Bankruptcy Code, or arising in or related to SMI's bankruptcy case; provided, however, the Parties' respective obligations arising under this Agreement shall continue in full force and effect and are expressly not released.

5. **Entire Agreement**. This Agreement contains the entire agreement between the Parties and may only be modified in writing signed by the Parties or their duly appointed agents. All prior agreements and understandings between the Parties concerning the subject matter of this Agreement are superseded by the terms of this Agreement.

6. **Authority**. The Parties represent and warrant to each other that they have the full power and authority to execute and to perform their respective obligations under this Agreement and, where appropriate, have obtained the requisite corporate authority to enter into this Agreement.

7. **Informed Approval**. Each of the Parties acknowledges that it has read all of the terms of this Agreement, has had an opportunity to consult with counsel of their own choosing or voluntarily waived such right and enters into those terms voluntarily and without duress.

8. **Attorneys' Fees**. Each of the Parties shall bear its own attorneys' fees and costs in connection with the negotiation and drafting of this Agreement and its submission, with any necessary motion or order, to the Bankruptcy Court.

9. **Counterparts**. This Agreement may be executed in any number of counterparts and by different Parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same

Agreement. Delivery of an executed counterpart of a signature page to this Agreement by facsimile or by electronic mail in portable document format (PDF) shall be effective as delivery of a manually executed counterpart of this Agreement.

10. **Joint Drafting**. This Agreement shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Agreement, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of the Agreement as a whole is purportedly prepared or requested by such Party.

11. **Jurisdiction**. The Bankruptcy Court shall retain jurisdiction over the Parties to hear and determine any matter arising from or related to the making, interpretation, and enforcement of this Agreement or any issues arising hereunder, and the Parties agree to waive any entitlement to a trial by jury in any suit concerning this Agreement and/or the releases given in connection with this Agreement.

12. **Governing Law**. This Agreement shall be governed and construed in accordance with the Bankruptcy Code and the laws of the State of New York without regard to any rules or principles of conflicts of law which might look to the laws of any other jurisdiction.

**TRUSTEE**:

Dated: New York, New York
1/25, 2019

GOTTLIEB & JANEY LLP
Attorneys for Ian J. Gazes as Chapter 7
Trustee of Scout Media, Inc.

By: /s/ Derrelle M. Janey
Derrelle M. Janey
111 Broadway, Suite 701
New York, NY 10006
(212) 566-7766

**ZINCORA LLC**:

Dated: New York, New York
January 25, 2019

STORCH AMINI PC
Attorneys for Zincora LLC

6

By: _____
Jeffrey Chubak
2 GRAND CENTRAL TOWER
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 497-8247